UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 15-CR-10008-LTS |
| ) | |
| R. David Cohen ) | |

**DEFENDANT'S REQUEST FOR JURY VOIR DIRE**

The Defendant hereby requests that the following questions be put to the jury on voir dire:

1.  Are you aware of any reason which would prevent you from serving, or make it difficult for you to serve on the jury in this case?

2.  The Defendant has been charged with conspiracy to convert government proceeds, the conversion of those proceeds, aiding and abetting another in the conversion of those proceeds and in conspiracy to money launder those proceeds.  Do any of you have feelings about cases involving these crimes in general, or in particular, that would prevent you in any way from deciding the case solely on the evidence and the law as I give it to you?

3.  Do you have any knowledge of this case gained from any source including but not limited to radio, television, newspapers or in conversation with other prospective jurors?

    a.  If so, have you formed an opinion about the case?

    b.  If you have not formed an opinion but have knowledge of the case, can you decide the issues solely on the evidence presented at trial?

4.  Are you acquainted with the Defendant or any witness or lawyer in this case?

    a.  If so, what is your relationship with him/her?

5. In this case you may hear from a number of law enforcement officers or government agents. Would any of you be more likely to believe or give greater weight to the testimony of a law enforcement or government witness than you would to an ordinary citizen?

6. Have any of you been the victim of a crime involving the cashing or other unlawful use of your tax refund checks or of any other financial crime?

7. R. David Cohen is an attorney.  Does that fact give you any concern at all?

8. Do you have any fear or mistrust of attorneys?

9. Do you have any prejudices at all about attorneys?

10. Do you have any other concerns about those facts that I have not already covered in my questions?

11. Have any of you served as a juror before?

    a. If so, please describe the nature and extent of your prior service.

    b. If so, would this fact tend to influence your decision in this case in any way?

12. Mr. Cohen has pleaded not guilty to these charges. How many of you feel it is necessary for you to hear his side of the story?

13. On a scale of 1 to 10, 10 being the strongest, how strongly do you feel about needing the Defendant to testify?

14. What are your thoughts about whether the Defendant should testify?

15. Do any of you have any difficulty presuming that the Defendant is innocent?

16. Can you accept the proposition of law that the Defendant is presumed to be innocent, has no burden to establish his innocence, and is clothed throughout the trial with this presumption?

17. If after hearing the evidence you thought the Defendant was probably guilty, but you were not convinced that he was or he was not, would you be able to return a verdict of not guilty in the case?

18. Do you feel that since the Defendant has been indicted in this case, he is, therefore, probably guilty?

19. If you come to the conclusion that the prosecution had not proven the guilt of any of the accused beyond a reasonable doubt, and you found that a majority of the jurors believed the Defendant was guilty, would you change your verdict only because you were in the minority?

20. In a criminal case a defendant has the right not to testify, not to take the witness stand. Do you believe that a defendant who does not testify must be guilty, or is more likely to be guilty than a defendant who does testify?

21. If the defense does not present any witness of its own, but relies solely on the cross-examination of prosecution witnesses, would that cause you to conclude that the Defendant is guilty?


22. Are you or any members of your immediate family or close personal friends employed presently, or have been in the past, in any law enforcement agency, or with police, federal agents and/or the office of any prosecutor?

23. Would you tend to believe the testimony of a policeman or federal agent, because he or she works in law enforcement, more than that of another witness?

24. Do you think a defendant should testify on his own behalf?

25. Do you feel that a defendant should defend himself in a Court by presenting witnesses or other evidence?

26. Do you feel that a person who does not testify or present a defense may be trying to hide something?

27. Do you feel that a person who does not testify or present a defense should be obligated to do so?

28. Do you think that because the defendant has been charged with a crime he must be guilty of something, or he must have done something wrong?

29. Do you feel that if the accused were not guilty, he would not be insisting upon his constitutional right to a trial by jury?

30. If the Court were to order stricken some testimony which somehow came before you, could you impartially discard that information from your deliberations?

31. During deliberations, if you formed an opinion, would you keep an open mind and listen to the opinion of other jurors?

32. If other jurors were of a different opinion than you, would you be willing to change your opinion to conform to their opinion?

33. Is there anything about the nature of the charges which would make it difficult for you to render a fair and impartial verdict?

34. Have you or any members of your family or close personal friends ever been involved in a conspiracy to convert government proceeds or to money launder, or aiding or

abetting another in the conversion of government proceeds or in converting government proceeds where one of the family members or friends has been accused?

35. Have either you, any members of your family, or close personal friends ever been the victim of conspiracy to convert government proceeds or to money launder, or aiding or abetting another in the conversion of government proceeds or in converting government proceeds?

36. Do you have any knowledge of or experience(s) with banking practices concerning the cashing of checks or of IOLTA bank accounts? If so, will you be able to put aside that knowledge and/or experience(s) and decide the case solely on the basis of the evidence you receive in this courtroom and the law as I instruct you upon it.

37. Will your knowledge of or experience(s) with banking practices concerning the cashing of checks or of IOLTA bank accounts prevent you from serving, or make it difficult for you to serve, on the jury in this case, or influence in any way your service as a juror?

38. Would the facts that the defendant is an attorney and is accused of a federal offense--would those facts alone -- cause you to be predisposed to find the defendant guilty?

39. Is the fact that the defendant is an attorney and accused of a federal offense sufficient to cause you to believe in the defendant's guilt more readily no matter what the evidence shows?

40. Are you certain in your own mind that you can be an impartial juror deciding the case solely on the evidence submitted to you in the courtroom and on its weight even though the defendant is an attorney charged with a federal offense.

41. Have you had any dealings with an attorney?

    a. If so, please describe the nature and extent of any such dealings.

      b.     If so, would this fact tend to influence your decision in this case in any way?

42.     Do you have any bias against the legal profession?

43.     Would you believe the word of a government attorney over the word of a criminal defense attorney, simply because the former is a government attorney and for no other reason?

44.     Do you feel that an attorney accused of a federal offense is more likely to have committed the offense than a non-attorney accused of the same offense?

45.     Will you hold an attorney accused of a federal offense to a higher standard of conduct than a non-attorney accused of the same offense?

46.     Have you ever been arrested by the police?

47.     Would you believe the testimony of a police officer or a government witness over that of an ordinary citizen like yourself just because she or he is a police officer or a witness advanced by the prosecutor?

48.     Would you believe a government witness' statement on the stand without questioning his or her bias, interest, prejudices or motives for making such statements?

49.     Do you believe that a police officer or other law enforcement officer is without bias, interest, prejudice or motive for testifying simply because he or she is a police officer or law enforcement officer?

50.     In this trial, you may hear testimony of one whom the Government characterizes as an alleged coconspirator of Mr. Cohen and who is now testifying as a government witness in the hope of receiving a reduced sentence for his wrongdoing. Are you willing to follow my instruction, which I will give to you at the appropriate time, to give his testimony the greater scrutiny that the law demands it deserves?

51. Is there anything in any of the questions I have asked you which causes doubt in your mind as to your ability to reach a verdict based upon the evidence offered in this courtroom alone?

52. The trial is expected to last 10 days. Do you have any personal difficulties which you feel may affect your ability to concentrate upon the case before you?

53. Would you tend to favor a witness called by the Government over a witness called by Mr. Cohen, simply because he was called as a government witness and for no other reason?

54. Do you watch Law and Order, CSI or other similar T.V. programs?

                                                  Defendant
                                                  R. David Cohen
                                                  By His Attorney,

                                                  */s/ James B. Krasnoo*
                                                  James B. Krasnoo (BBO# 279300)
                                                  jkrasnoo@krasnooklehm.com
                                                  Krasnoo,Klehm & Falkner, LLP
                                                  28 Andover Street, Suite 240
                                                  Andover, MA  01810
                                                  (978) 475-9955 (telephone)
Dated:  December 21, 2015                 (978) 474-9005 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 21, 2015.

                                                  */s/ James B. Krasnoo*
                                                  James B. Krasnoo