# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

v.

**R. David Cohen**

Crim. No. 15-10008-LTS

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

The Defendant hereby requests that the instructions attached hereto be included in the final charge to the jury.

The Defendant
By his Attorneys,

/s/ James B. Krasnoo
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Krasnoo, Klehm & Falkner LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955 (telephone)
(978) 474-9005 (facsimile)

## CERTIFICATE OF SERVICE

I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December  21, 2015.

/s/ James B. Krasnoo
James B. Krasnoo

**REASONABLE DOUBT**

What is proof beyond a reasonable doubt? Reasonable doubt is a doubt based on reason and common sense. The law does not require that the government prove guilt beyond all possible doubt; little in life can be proven to an absolute certainty. But the law does require that the government prove each of the elements of the crimes charged beyond a reasonable doubt.

The burden of proof beyond a reasonable doubt is strict and heavy. It is therefore not sufficient for the government to establish a probability, though a strong one, that an element of a crime charged is more likely to be true than not true. Proof beyond a reasonable doubt requires that you reach a subjective state of near certitude.

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence; remembering however, that the duty to produce evidence rests only with the government. The Defendant has no obligation whatever to produce evidence.

If after a fair and impartial consideration of all of the evidence you have a reasonable doubt as to a charge against Mr. Cohen, it is your duty to acquit on that charge. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied that the government has proven each element of that charge beyond a reasonable doubt, you should vote to convict on that charge. *Victor v. Nebraska*, 511 U.S. 1 (1994); *United States v. Cleveland*, 106 F.3d 1056, 1062 (lst Cir. 1997), aff'd sub nom *Muscarello v. United States*, 118 S. Ct. 1911 (1998); 1 L. Sand et al., Modern Federal Jury Instructions: Criminal, §4.01, Instr. No. 4-2 (1998).

**INFERENCE**

In determining whether or not a fact has been proven, you should keep in mind that if the evidence tends equally to sustain either of two inconsistent propositions, then neither of them can be said to have been established by legitimate proof, and the inconsistency must be resolved in favor of the Defendant.

You must therefore give the benefit of any reasonable doubt to the Defendant; if the evidence can be explained reasonably upon any other hypothesis than that of the Defendant's guilt, you should find the Defendant not guilty.

Similarly, if the facts as you find them and the reasonable inferences drawn from these facts can be fairly reconciled with any reasonable theory of the Defendant's innocence, he must be found not guilty. If two inferences are possible from the evidence, one of which is consistent with the guilt of the accused and the other consistent with his innocence, then it cannot be said that the proposition favoring guilt has been established beyond a reasonable doubt and the Defendant is entitled to be found not guilty.

# GENERAL INSTRUCTIONS

## PRESUMPTION OF INNOCENCE

Within the concept of presumption of innocence, you are instructed that when two or more conclusions may be reasonably drawn from the evidence, and at least one reasonably points to the non-guilt of the defendant, the jury must reject the conclusion of guilt, and accept the one of non-guilt.

1.      In this, as in any criminal case, the prosecution has the burden of proof.  This means that, with respect to each count of the indictment, the prosecution must prove each and every element of the offense charged beyond a reasonable doubt.  If you have a reasonable doubt as to any one element of an offense, you must find the defendant not guilty.

2.      The law presumes a defendant to be innocent of crime.  Thus a defendant, although accused, begins the trial with a "clean slate"-- with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charges against the accused.  So, the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a

reasonable doubt.  This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case has reasonable doubt, it must find the defendant not guilty.

3.      Under the laws and Constitution of the United States, the prosecution alone has the entire burden of proof.  The accused has no obligation to prove or disprove anything.  On the contrary, the accused has an absolute right to remain silent and to require that the prosecution prove all the elements of its case.  Accordingly, you should not and must not draw any negative inference against the defendant from the fact that he declines to testify, for to do so would be a violation of your oath as jurors and you would do a great violence to a cornerstone of our judicial system, a system which thousands of Americans have fought and died to defend and preserve.

4.      An indictment is nothing more than an accusation; it is not evidence.  All that the indictment does is bring charges before you, the jury, for your determination.  You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendant.

5.      Each count of the indictment alleges a separate offense.  You are to consider each such offense, and the evidence relating to it, separately from the remaining offenses charged.  You may not conclude that a defendant is guilty of a charged offense merely because you have found him guilty of another offense, you may not conclude that a defendant is not guilty of a charged offense merely because you have found him not guilty of another offense: the defendant is entitled to your separate consideration of each of the charges.  Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u>, sec. 11.07; <u>see Brandom v. United States</u>, 431 F.2d 1341, 1398 (7th Cir. 1970).

6.      It is the duty of the attorney for either side to object to questions asked or documents submitted by other attorneys in the case which the attorney believes are not properly admissible.  Counsel also have the duty to ask the court to make rulings, and to request the court to be heard out of your presence.  All such objections and requests are for me to decide.  The fact that an attorney took such actions should not in any way affect or sway your deliberations.

7.      You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testify on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much do you choose to believe a witness who has a relationship with the government which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may have caused the witness, consciously or not, to give you something other than a completely accurate account of the facts he or she testified to?

Furthermore, you are not required to accept testimony, even though that testimony is uncontradicted and the witness giving it may not have been impeached.  You may well decide, because of the witness' bearing and demeanor, or because of inherent improbability  of his testimony, or for other reasons sufficient to you, that such testimony is simply not worthy of belief.

8.    The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of credence.  You may well find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

9.    Certain witnesses have testified that they were accomplices with respect to events at issue in this case.  I instruct you that the testimony of an accomplice must always be scrutinized by a jury with great care and great caution, with more care and more caution than that applied to testimony of an ordinary witness who does not claim to be an accomplice.  Such persons may have feelings about the defendant which affect their testimony.  So great is the degree of caution and care with which such accomplice testimony is to be viewed, that you must not and may not convict the defendant on the uncorroborated testimony of an alleged accomplice unless you conclude beyond a reasonable doubt that the accomplice is telling the truth.  United States v. Dailey, 759 F.2d 192, 200 n.8 (1st Cir. 1985); United States v. Silvestri, 790 F.2d 186, 191-92 (1st Cir. 1986).

10.    There was also evidence that an accomplice or some of these asserted accomplices made plea agreements with the government under which they received additional considerable advantages.

You may consider the benefit conferred by these agreements and may

consider as well as the witness' hopes as to future benefits in judging their credibility. With respect to these and other witnesses who have entered into plea bargains with the government, you should particularly keep in mind in judging their testimony and their credibility that they have already been the recipients of substantial benefits conferred upon them by the government and that the government has the power to confer or withhold future advantages depending upon the value of their cooperation.

You have to look at their testimony with particular care, although that fact does not mean, in and of itself, that they are lying. It simply means that you have to look at it very, very carefully. <u>United States v. Silvestri</u>, <u>supra</u>; Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.06.

11. The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not to be considered as evidence against the defendant. Fifth Circuit Pattern Special Instruction No. 3.23.

12. You have heard the testimony of witnesses providing evidence for the government in exchange for a promise from the government that they will not be prosecuted for the things that they are testifying about and other considerations.

The government may present the testimony of someone who has been promised favorable treatment in his own case in exchange for his testimony. Some people in this position are entirely truthful in testifying. Still, you should consider the testimony of such an individual with more caution than the testimony of other witnesses. He may have had reason to make up stories or exaggerate what others did because he wanted to strike a good bargain with the government about his own case. In deciding whether you believe these individuals' testimony, you should keep these comments in mind.

13. The carriage, behavior, bearing, manner and appearance of a

witness-- in short, his or her "demeanor"-- is a part of the evidence.  The words used are by no means all that we rely on in making up our minds about the truth of a question that arises in our ordinary affairs, and it is abundantly settled that a jury is as little confined to them as we are.  [You] may, and indeed should, take into consideration the whole nexus of sense impressions which [you] get from a witness.  Moreover, such evidence may satisfy [you], not only that the witness' testimony is not true, but that the truth is the opposite of his or her story for the denial of one, who has a motive to deny, may be uttered with such hesitation, discomfort, arrogance or defiance, as to give assurance that he or she is fabricating, and that, if he or she is, there is no alternative but to assume the truth of what he denies.  Quoting Judge learned Hand in Dyuer v. MacDougall, 201 F.2d 265, 268-69 (2d Cir. 1952); see also United States v. Marchand, 565 F.2d 983-86 (2d Cir. 1978).

14.     The testimony of a witness may be discredited or impeached by showing that the witness previously made statements which are inconsistent with his or her present testimony.  The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.  It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

15.     Moreover, just as accomplice testimony must be viewed with particular care and caution, prior inconsistent statements of an alleged accomplice not made under oath must be deemed even more suspect,

untrustworthy and unreliable than the other testimony of the alleged accomplice.

Ackley, <u>Criminal Defense Jury Instructions</u> A-17 (1986).

**KNOWINGLY TO ACT**

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.  Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 14.04.

**JUDGING THE EVIDENCE**

There is nothing peculiarly different in the way a jury should consider the evidence in a criminal case, from that in which all reasonable persons treat any question depending upon evidence presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it had been admitted, and give it a reasonable and fair construction, in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond reasonable doubt, say so.  If not so proved guilty, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Remember also that the question before you can never be:  will the Government win or lose the case?  The Government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.  Id., sec. 15.01.

**JURY NOT TO BE INFLUENCED BY DEFENDANT'S EXERCISE OF RIGHT NOT TO TESTIFY**

A defendant in a criminal proceeding has the absolute right not to testify. The fact that the defendant did not testify does not create any presumption of guilt, and you are not permitted to draw any inference against the defendant because he did not testify.  Therefore, you are not to discuss or in any way consider that fact.

*United States v. Mulheren*, 938 F. 2d 364, 372 (2d Cir., 1991*); United States v. Mankani*, 738 F. 2d 538, 547 (2d Cir., 1984).

**ELEMENTS OF CONSPIRACY**

1.      A conspiracy is an agreement to commit a federal crime.  In this case, the indictment alleges that the defendants conspired to commit a specific offense; namely, conversion of government property.  Federal Judicial Center, Pattern Criminal Jury Instructions (1988).

2.  There must be at least two actual participants in a conspiracy to support a conviction of any defendant.  There can be no conspiracy between a defendant and one or more government agents and informants "... because it takes two to conspire and the government informant is not a true conspirator." United States v. Giry, 818 F.2d 120, 126 (1st Cir. 1987); United States v. Fincher, 723 F.2d 862, 863 (11th Cir. 1984); United States v. Martino, 648 F.2d 367, 405 (5th Cir. 1981), affirmed en banc on rehearing, 681 F.2d 952 (5th Cir. 1982), affirmed sub nom Russell v. United States, 464 U.S. 16 (1983).

3.      A conspiracy is an agreement among two or more conspirators to accomplish some criminal or unlawful purpose.  A meeting of the minds between or among the members of the conspiracy is required.  The essential nature of the plan of the conspiracy must be proved by the government.  The agreement is the essential evil to which the crime of conspiracy is directed and it is the essential element of the crime of conspiracy.

4.      A conspiracy requires agreement as to the object of the conspiracy itself.  That is, the members of the conspiracy must be agreeing to commit an unlawful act, and the unlawful act agreed upon must be the same as to each of the conspirators.  If you find that the members of the conspiracy have not agreed to the commission of the same unlawful act, then the government has failed to establish the essential nature of the crime of conspiracy.  Furthermore, preliminary negotiations are not evidence of a conspiracy absent an agreement to carry out an illegal act.

Therefore, it is necessary for the government to show that each of the members of the alleged conspiracy knew what kind of criminal conduct was, in fact, contemplated when he or she entered into the conspiracy. A general agreement to engage in unspecified unlawful conduct is insufficient to identify the essential nature of the conspiratorial plan. A person is not liable as a co-conspirator except for the fair import of the concerted purpose or agreement as he or she understands it. Moreover, mere knowledge of the existence of a conspiracy does not make a person a conspirator. The government must prove some element of cooperation or agreement to cooperate in order for a person to be held liable as a co-conspirator.

The government must prove some element of cooperation or agreement to cooperate in order for a person to be held liable as a co-conspirator. United States v. Melchor-Lopez, 627 F.2d 886 (9th Cir. 1980).

**5.    Membership in the Conspiracy**

In order for the government to establish the offense of conspiracy, the government must further prove beyond a reasonable doubt that each defendant so charged knowingly, willfully and voluntarily became a participant in, or member of the conspiracy with which he or she is charged.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of the conspiracy you find existed were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy with which he is charged, you should consider whether based on all of the evidence, it appears that the defendant knowingly and willfully joined that particular conspiracy. Did he participate in it with the knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

Before a defendant can be found to have been a conspirator, you must first

find that he knowingly joined in the unlawful agreement or plan.  Mere

association with members of a conspiracy, the existence of an opportunity to join

a conspiracy, or simple knowledge, approval of, or acquiescence in the object of

the conspiracy is not sufficient to make one a conspirator.  The key question,

therefore, is whether the defendant joined the conspiracy with which he is

charged with an awareness of at least some of the basic aims and purposes of the

unlawful agreement.

6.      If you find from the evidence that the defendant in this case did not

agree to participate in the conspiracy charged in the indictment, you are

instructed that he is not a conspirator even if his actions appear to have furthered

the object of the conspiracy, but without agreeing to participate in the

conspiracy, you must find him not guilty.

Proof that a defendant may have intended to do so in the future is not

sufficient; the government must prove beyond a reasonable doubt that the

defendant agreed with others that together they would accomplish the object of

the unlawful conspiracy.

Adapted from Devitt & Blackmar, Federal Jury Practice and Instructions, §
27.05; United States v. Ashley, 555 F.2d 462 (5th Cir. 1977); United States v.
Middlebrooks, 618 F.2d 274 (5th Cir. 1980); Blumenthal v. United States, 322 U.S.
539, 557 (1947); United States v. Glenn, 828 F.2d 855, 859 (1st Cir. 1987); United
States v. Berlin, 686 F.2d 81, 90 (2d Cir. 1982); United States v. Gomberg, 715 F.2d
843, 847 (3d Cir. 1983); cert. denied, 104 S.Ct. 1439 (1984); United States v.
Melchor-Lopez, 627 F.2d 886, 891 (9th Cir. 1980).

7.      **Existence of Agreement**

The first element which the government must prove beyond a reasonable

doubt to establish the offense of conspiracy is that two or more persons entered

into the unlawful agreement with which they are charged in the indictment.

What the evidence must show in order to establish proof that a conspiracy

existed beyond a reasonable doubt is that the members so charged agreed to

violate a known legal obligation, the violation of which was a crime.

You may find from the evidence that some of the individuals knew each other, or were in each other's company. However, I instruct you that mere presence where an illegal act was committed, or mere association with persons who committed an illegal act is not sufficient to establish a criminal conspiracy. The fact of an agreement cannot be made out by suspicion and innuendo. The government must prove beyond a reasonable doubt that each individual charged with a conspiracy actively participated in the conspiracy with which he or she is charged.

Direct Sales Co. v. United States, 319 U.S. 703 (1943); United States v.DeLutis, 722 F.2d 902, 907 (1st Cir. 1983); United States v. Glenn, 828 F.2d 855, 859 (1st. Cir. 1987); United States v. Hopkins, 716 F.2d 739, 748 (10th Cir. 1982); United States v. Chandler, 586 F.2d 593, 599 (5th Cir. 1978), cert. denied, 440 U.S. 927 (1979); United States v. Mendez, 969 F.2d 128, 130 (5th Cir. 1974).

8.    **Conspiracy--Mere Association**

In considering the conspiracy counts, I instruct you that mere presence at the scene of the crime, mere association with those involved in criminal activity or the approval or acquiescence of illegal acts of others is not sufficient to establish participation. The government must prove beyond a reasonable doubt that each defendant actively participated in the conspiracy with which he or she is charged.

United States v. Hyson, 721 F.2d 856, 862 (1st Cir. 1983); United States v. Mora, 598 F.2d 682, 683 (1st Cir. 1979); United States v. Hopkins, 716 F.2d 739, 748 (10th Cir. 1982); United States v. Chandler, 586 F.2d 593, 599 (5th Cir. 1978), cert. denied, 440 U.S. 927 (1978); United States v. Mendez, 496 F.2d 128, 130 (5th Cir. 1974).

INTENT

9. **Intent to Conspire**

In considering the conspiracy counts, I further charge you that two types of intent must be proven to you by the government beyond a reasonable doubt:

(1) the basic intent to agree; and (2) the intent to commit the underlying substantive offense.  This means that the government must establish through the evidence that the defendant had the specific intent to enter into an agreement with others and further, had the specific intent to convert government proceeds and to money launder the proceeds.  One isolated act does not ordinarily supply sufficient proof of specific intent to conspire.  Thus, even if you should find that a defendant did commit one illegal act, that alone is not sufficient to convict him of conspiracy.  The government's failure to convince you of either of these elements of intent beyond a reasonable doubt warrants a finding of not guilty of the crime of conspiracy.

United States v. Drougas, 748 F.2d 815 (1st Cir. 1984); United States v. Flaherty, 668 F.2d 566, 580 (1st Cir. 1981); United States v. Hernandez, 625 F.2d 2, 4 (1st Cir. 1980).

10.    In deciding whether there is proof beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy, you may consider only the statements and actions of that defendant.  You look only to what he said and what he did in deciding whether he joined the conspiracy.  In addition to proving the essential nature of the agreement which the government claims constitutes a conspiracy, it is necessary for the government to prove that the defendant became a member of the conspiracy charged.  To find that a defendant became a member of the conspiracy, you must be persuaded beyond a reasonable doubt that by his words or his conduct or both, he clearly indicated his decision to join the conspiracy with the intention of advancing its objectives and that he willfully participated in the plan and in some sense promoted the venture himself or made it his own or indicated that he had a stake in the venture.  You may not consider the actions and statements of others in making this determination.

Devitt & Blackmar, <u>Federal Jury Practice & Instructions</u>, § 27.05; <u>United States v. Mackedon</u>, 562 F.2d 103, 105 (1st Cir. 1977); <u>United States v. Haldeman</u>, 559 F.2d 118 (D.C. Cir. 1976), <u>cert. denied</u>, 431 U.S. 933.

11.     Cohen acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if Cohen acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Cohen knew or intended at a particular time, you may consider any statements made or acts done or omitted by Cohen and all other facts and circumstances received in evidence that may aid in your determination of Cohen's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

*See*, 18 U.S.C. §1341; *United States v. Pimental*, 380 F.3d 575 (1st Cir. 2004) (defining elements); Instruction No. 4.18.1341, *Pattern Criminal Jury Instructions for the District Courts of the First Circuit*,

http://www.mad.uscourts.gov/resources/pattern2003/helpframeset.html (last

visited February 5, 2013) (remainder or requested instruction).

12.   **Conspiracy**

The counts against Cohen charge conspiracy to convert government proceeds and to money launder these proceeds.  In order to find a defendant guilty of such a conspiracy, you must find beyond a reasonable doubt that: (1) there was an agreement among the individuals charged with conspiracy to knowingly and willfully violate these laws; and (2) that each of the individuals so charged knowingly and willfully joined the agreement with which he is charged.

I must caution you that, while, after considering all of the evidence, it is sometimes permissible to convict a person based on reasonable inferences, the law is very clear that charges of conspiracy cannot be made out by piling inference upon inference.

Direct Sales Co. v. United States, 319 U.S. 703 (1943); United States v. DeLutis, 722 F.2d 902, 907 (1st Cir. 1983) Ingram v. United States, 360 U.S. 72, (1959); United States v. Sanchez, 790 F.2d 1561 (11th Cir. 1986); United States v. Flaherty, 668 F.2d 566, 580 (1st Cir. 1981).

**THEFT OF GOVERNMENT MONEY OR PROPERTY**

13.   The statute, 18 U.S.C. 641 provides:

Whoever embezzles, steals, purloins or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals or retain the same with intent to convert it to his own use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be punished...

14.   Mr. Cohen is charged with theft of government money [property]. For you to find Mr. Cohen guilty of this offense, you must be convinced that the government has proven each of these things beyond a reasonable doubt:
First, that the money [property] described in the indictment belonged to the United States; Second, that Mr. Cohen knowingly and willfully stole or converted the money to the defendant's own use or the use of another person; and Third, that Mr. Cohen did so with the intent to deprive the United States of the use or benefit of the money.

It is not necessary for the United States to prove that Mr. Cohen knew that the government owned the money [property] at the time of the wrongful taking.

To "steal" or "convert" means to take money belonging to another with intent to deprive
the owner of its use or benefit either temporarily or permanently.

If you find Mr. Cohen guilty of this offense, you will also have to determine whether he stole more than $1,000 in total.

 Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 2015 Revisions, p. 124

14.     To support a conviction for embezzlement or conversion under this statute, the Government must prove the following: (1) that the money or property described in the indictment belonged to the United States or an agency thereof and had a value in excess of $100 at the time alleged; (2) that the property lawfully came into the possession or care of the defendant, and the defendant fraudulently appropriated the money or property to his own use or the use of others; and (30 that the defendant did so knowingly and willfully with the intent either temporarily or permanently to deprive the owner of the use of the money or property so taken.

United States v. Burton, 871 F. 2d 1566, 1570-1571 (11th Cir. 1989),citing United States v. Bailey, 734 F. 2d 296, 303 (7th Cir. 1984), United States v. Shackleford, 777 F. 2d 1141 (6th Cir. 1985); United States v. Waroneck, 582 F. 2d 1158 (7th Cir. 1978); see also Tredwell v. United States, 266 F. 350 (4th Cir. 1920); United States v. Walker, 563 F. Supp. 805, 807 (S.D. Iowa, 1983)

15.     Embezzlement or conversion presupposes that the money or property came to the possession of the accused lawfully and/or with the consent of the owner, and that a fiduciary relationship exists between the owner and the accused. The elements are (1) a trust or fiduciary relationship, (2) that the property claimed embezzled or converted is embraced within the meaning of the statute, (3) that it came into the possession or care of the accused by virtue of his employment, (4) it is property of another, (5) that his dealing therewith constituted a fraudulent conversion or appropriation of same to his own use, and (6) such was with the intent to deprive the owner thereof.

United States v. Powell, 294 F. Supp. 1353, 1355 (E.D. Va. 1968), aff'd 413 F. 2d 1037 (4th Cir. 1969)

16.     Embezzlement or conversion of government proceeds is a crime of specific intent. This means that the Government must prove beyond a reasonable doubt that the defendant embezzled or converted the money knowing that it was not his and with the intent to deprive the owner of the use or benefit of the money and that his act

was willful.

O'Malley v. United States, 378 F. 2d 401, 404 (1st Cir. 1967), United States v. Hurt, 527 F. 3d 1347, 1351-1352 (D.C. Cir. 2008); United States v. Powell, 294 F. Supp. 1353, 1355 (E.D. Va. 1968), aff'd 413 F. 2d 1037 (4th Cir. 1969); United States v. May, 625 F. 2d 186, 189 (8th Cir. 1980), citing Morrisette v. United States, 342 U.S. 246, 270 & n. 30, 72 S. Ct. 240, 253 & n. 30 (1952) and O'Malley v. United States, 378 F. 2d 401, 404 (1st Cir. 1967); United States v. Wilson, 636 F. 2d 225, 226      (8th Cir. 1980)

17.     It is essential element of this offense that the Government prove to you beyond a reasonable doubt that the property which was the subject of the conversion came into possession of the alleged converter lawfully or with the consent of the owner and that at the time of the alleged crime, a legal relationship of trust or confidence existed between the defendant and the United States or between the defendant and the taxpayer by virtue of some employment or by reason of a fiduciary relationship which existed between Mr. Cohen and the owner of the property.

Adapted from United States v. Renton, 52 F. Supp. 961, 962  (D. N.J. 1943), citing Weinhandler v. United States, 20 F. 2d 359, 360 (2d Cir. 1927), United States v. Alllen, 150 F. 152, 153 (D.C. Cir. 1906) and Moore v. United States, 160 U.S. 268, 269-276, 16 S. Ct. 294 (1895)

18.     If you believe that Mr. Cohen was unsure about the true ownership of the money, then you must acquit him of the crime of conversion of government proceeds.

 United States v. Hurt, 527 F. 3d 1347, 1352 (D.C. Cir. 2008)

19.     Before you find that the defendant guilty of this offense, you must  be unanimously agreed upon the method by which the defendant committed the crime.

Adapted from United States v. Hurt, 527 F. 3d 1347, 1352 et seq. (D.C. Cir. 2008)

20.      Criminal conversion requires knowledge of the facts that made the taking a conversion.

Morrisette v. United States, 342 U.S. 246, 270-271, 72 S. Ct. 240 (1952);
United States v. Maisel, 12 F. 3d 423, 425(4th Cir. 1993); United States v. Scott, 789 F. 2D 795, 797 (9TH Cir. 1986)

21.     You cannot convict Mr. Cohen of this offense unless he knew that he was doing something wrong. United States v. Maisel, 12 F. 3d 423, 425(4th Cir. 1993)

22.     Not every knowing conversion of property is with an intent to defraud. A knowing conversion without intent to defraud is not a crime. If you find that Mr. Cohen came into possession of the property without criminal intent to defraud the United States Government, and thereafter disposed of some of it, if he did dispose of it, without intent

to defraud the United States Government, then I charge you that he committed no crime and you must find him not guilty of these offenses.

Adapted from Tomley v. United States, 250 F. 2d 549, 553 (5th Cir. 1958)

23.     If the defendant acted on the basis of a good faith but mistaken belief that he was acting consistent with the requirements of the law, then he could not have been acting with the specific intent to violate the law, or with the intent to defraud required for proof of conspiracy or conversion.

See United States v. Fowler, 932 F. 2d 306, 316 (4th Cir. 1991)

24.     The mere fact that Mr. Cohen's depositing and cashing of taxpayers' checks; was a conscious and intentional act does not give rise to a presumption of criminal intent. You must determine whether the intent existed not only from the act of depositing and cashing each taxpayer's check but from each act together with the defendant's testimony and all of the surrounding circumstances.

Morrisette v. United States, 342 U.S. 246, 274-276, 72 S. Ct. 240 (1952)

25.     The overriding presumption of innocence with which the law endows any accused extends to every element of the crime of embezzling, stealing, purloining or knowingly converting government property.

Morrisette v. United States, 342 U.S. 246, 275, 72 S. Ct. 240 (1952)

26.     I instruct you as a matter of law that the improper use, if any, by Mr. Cohen of his IOLTA accounts is irrelevant to your determination as to whether or not he knowingly converted government property and may not be considered by you as evidence in support of any element of this offense and any other offense with which Mr. Cohen stands charged.

27.     **Willfully**.

An act is willful if done with understanding and with specific intent to act with a bad purpose, either to disobey or to disregard the law.  To establish specific intent, the government must prove that a defendant knowingly did an act which the law forbids or knowingly failed to do an act which the law requires, purposely intending to violate the law.  United States v. Sans, 731 F.2d 1521, 1529 (11th Cir. 1984).

28.  **Knowingly to Act**.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.  Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 14.04.

I also want to caution you that mere knowledge or acquiescence of the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have devised at least some of the purposes or objectives of the conspiracy and with the intention  of aiding in the accomplishment of those unlawful ends.

15.  If you must find that the conspiracy charged in the indictment did not exist, you cannot find the defendant guilty.  This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purpose of the conspiracy may have been the same and even though there may have been some overlap in membership.

By the same token, if you find the defendant was a member of another conspiracy, not one of those charged in the indictment, then you must acquit the defendant of the conspiracy charged in the indictment.

Thus, you must determine, after examining all of the evidence the nature of the unlawful agreement or understanding involved in this case.

29.  **Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charged, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declaration, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if

they were not done or said in furtherance of the conspiracy, they may be

considered by you as evidence only against the member who did or said them.

## AIDING AND ABETTING

30.     Before a defendant may be held criminally responsible as an aider
and abettor, it must be established that he willfully associated with the criminal
venture, willfully participated in it as in something he wished to bring about and
that he willfully sought by some act or by some omission to make the venture
succeed.  That is to say, in order to find a defendant guilty of aiding and abetting
in the cons, you must find beyond a reasonable doubt that he was an active
participant in the activity.  18 U.S.C. § 2; <u>Nye & Nisson v. United States</u>, 336 U.S.
613, 619 (1949); <u>United States v. Francomano</u>, 554 F.2d 483, 486 (1st Cir. 1977).

31.     I want to caution you, however, that the defendant's mere presence
at the scene of the alleged crime does not, by itself, make him an aider or abettor
of the crime.  Similarly, mere association with one or more criminals does not
automatically make the defendant an aider or abettor.  A person may know, or
be friendly with or be related to a criminal, without being a criminal himself.
Mere similarity of conduct or the fact that they may have been assembled
together and discussed common aims an interests does not necessarily establish
proof of the existence of a joint venture.

32.     To "aid and abet" means intentionally to help someone else commit
a crime.  To establish aiding and abetting, the government must prove beyond a
reasonable doubt:

First, that someone else committed, not a government agent, the charged
crime; and

Second, that Cohen consciously shared that other person's knowledge of
the underlying criminal act, intended to help him commit a criminal act, and
[willfully] took part in the endeavor, seeking to make it succeed.

Cohen need not perform the underlying criminal act, be present when it is
performed, or be aware of the details of its execution to be guilty of aiding and

abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

33.     An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law.

Pattern Criminal Jury Instructions in the First Circuit.

**EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS**

34.     You have heard evidence that the defendant previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1)  Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2)  Whether the defendant acted according to a plan or in preparation for commission of a crime; or

(3)  Whether defendant committed the acts he is on trial for by accident or mistake.

Remember this is the only purpose for which you may consider evidence of the defendant's prior similar acts.  Even if you find that he may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

Pattern Jury Instructions in the First Circuit, 2.06.

**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE**

35.     A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the only purpose for which it can be used. You are to follow my instructions in this matter and use the evidence only for its particular purpose.


**WILFUL BLINDNESS**

36.     In deciding whether or not Mr. Cohen acted knowingly, the jury may infer that Mr. Cohen had knowledge of a fact if it finds that he deliberately and intentionally closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, the jury must find two things have been established:  First that Mr. Cohen not merely entertained a suspicion but instead was aware of a high probability of the fact in question; second, that he consciously and deliberately and intentionally avoided learning of that fact.  It is entirely up to you to determine whether he deliberately and intentionally closed his eyes to the fact and, if so, what inference, if any, should be drawn. I state that it is important to bear in mind the mere negligence, recklessness or mistake in failing to learn the fact is not sufficient.  To find willful blindness to a fact, you must find a deliberate and intentional effort on the part of Mr. Cohen to remain ignorant to that fact.

I caution you that the willful blindness charge does not authorize you to find that Mr. Cohen acted knowingly because he should have known what was occurring when he was asked to deposit the tax refund checks or that in the

exercise of hindsight he should have known what was occurring or because he was negligent in failing to recognize what was occurring or even because he was reckless or foolish in failing to recognize what was occurring. Instead, the Government must prove beyond a reasonable doubt that Mr. Cohen purposely and deliberately contrived to avoid learning all of the facts. The relevant question for you, the jury, is not Mr. Cohen's purpose, but rather his knowledge of Grullon's purpose.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 2015 Revisions, p. 47; adapted from United States v. Campbell, aff'd in part and rev'd in part, 977 . 2d 854, 857 (4ᵗʰ Cir. 1992); see also United States v. Gabriele, 63 F. 3d 61, 66-67 & n. 3 (1ˢᵗ Cir. 1995); United States v. Nektalov, 461 F. 3d 309, 313-317 (2d Cir. 2006)


**LAUNDERING OF MONETARY INSTRUMENTS—PROCEEDS OF UNLAWFUL ACTIVITY**

18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i)

37.    Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to conduct [attempt to conduct] a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity [knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity].

For you to find Mr. Cohen guilty of this crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

First: That Mr. Cohen knowingly conducted [attempted to conduct] a financial

transaction;

Second: That the financial transaction [attempted financial transaction] involved the

proceeds of a specified unlawful activity, namely —————— (his knowing conversion

of government proceeds)

Third: That Mr. Cohen knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity; and

 Fourth: That Mr. Cohen knew that the transaction was designed in whole or in part to

conceal or disguise the nature, location, source, ownership, or control of the proceeds of

the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property

was the proceeds of the conversion of government proceeds, which is a specified

unlawful activity under the statute.

With respect to the third element, the government must prove that Mr. Cohen knew that

the property involved in the transaction were the proceeds of some kind of crime that is a

felony under federal, state, or foreign law; although, it is not necessary to show that the

Mr. Cohen knew exactly what crime generated the funds. I instruct you that conversion of

government funds is a felony.

The term "transaction" includes —————— [select from the following, depending on

the facts of the case: a purchase, sale, loan, pledge, gift, transfer, delivery or other

disposition, or with respect to a financial institution, a deposit, withdrawal, transfer

between accounts, exchange of currency, loan, extension of credit, purchase or sale of

any stock, bond, certificate of deposit, or other monetary instrument, or any other

payment, transfer, or delivery by, through, or to a financial institution, by

whatever means elected].

The term "financial transaction" includes any "transaction," as that term has just been

defined,[choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the

movement of funds by wire or other means, one or more monetary instruments, or the

transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of

which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5),

or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that Mr. Cohen actually intended or

anticipated an effect on interstate commerce by his actions or that commerce was actually

affected. All that is necessary is that the natural and probable consequence of the acts Mr.

Cohen took would be to affect interstate commerce. If you decide that there would be any

effect at all on interstate commerce, then that is enough to satisfy this essential element of

the offense. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or

concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or

indirectly, through some form of unlawful activity, including the gross receipts of such

activity.

**Money Laundering—Illegal Concealment**

18 U.S.C. § 1956(a)(1)(B)(i)

38.    Mr. Cohen is charged with violating that portion of the federal money laundering statute that prohibits concealment of the proceeds of certain unlawful activities. It is against federal law to engage in such concealment. For Mr. Cohen to be convicted of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that Mr. Cohen entered into a financial transaction or transactions, on or about the dates alleged, with a financial institution engaged in interstate commerce;

Second, that the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of his [knowing conversion of government funds];

Third, that Mr. Cohen knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

Fourth, that Mr. Cohen knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

A [withdrawal; deposit; transfer; etc.] of funds from a bank is a financial transaction.

"Proceeds" means any [profits] [gross receipts] that someone acquires or retains as a result of the commission of the unlawful activity.

Knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Cohen knew or intended at a particular time, you may consider any statements made or acts done or

omitted by Mr. Cohen and all other facts and circumstances received in evidence that

may aid in your determination of his knowledge or intent. You may infer, but you are

certainly not required to infer, that a person intends the natural and probable

consequences of acts knowingly done or knowingly omitted. It is entirely up to you,

however, to decide what facts are proven by the evidence received during this trial.

The knowledge element of the offense requires that the Government prove

beyond a reasonable doubt that Mr. Cohen knew that the proceeds in question were

criminally derived. This knowledge element of the offense is not met by a finding that

Mr. Cohen might have known, could have known or should have known. The

Government must offer proof that Mr. Cohen possessed actual knowledge that the

proceeds were criminally derived. United States v. Gabriele, 63 F. 3d 61, 66 (1st Cir.

1995); United States v. Bornfield, 145 F. 3d 1123, 1132 (10th Cir. 1998)

## LAUNDERING OF MONETARY INSTRUMENTS—PROPERTY REPRESENTED TO BE PROCEEDS OF UNLAWFUL ACTIVITY

18 U.S.C. §§ 1956(a)(3)(A) and 1956(a)(3)(B)

39.     Title 18, United States Code, Section 1956(a)(3), makes it a crime for

anyone to conduct [attempt to conduct] a financial transaction involving property

represented to be the proceeds of specified unlawful activity to promote the carrying on

of specified unlawful

activity [to conceal or disguise the nature, location, source, ownership, or control of the

proceeds of specified unlawful activity].

For you to find Mr. Cohen guilty of this crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

First: That Mr. Cohen knowingly conducted [attempted to conduct] a financial

transaction;

Second: That the financial transaction [attempted financial transaction] involved property

represented to be the proceeds of a specified unlawful activity, namely the knowing

conversion of government proceeds;

 and Third: That Mr. Cohen intended to promote the carrying on of a specified unlawful

activity.

The term "transaction" includes ——————— [select from the following, depending on

the facts of the case: a purchase, sale, loan, pledge, gift, transfer, delivery or other

disposition, or with respect to a financial institution, a deposit, withdrawal, transfer

between accounts, exchange of currency, loan, extension of credit, purchase

or sale of any stock, bond, certificate of deposit, or other monetary instrument, or any

other payment, transfer, or delivery by, through, or to a financial institution, by

whatever means elected].

The term "financial transaction" includes any "transaction," as that term has just been

defined,

[choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the

movement of funds by wire or other means, one or more monetary instruments, or the

transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of

which affect, interstate or foreign commerce in any way or degree]. It is not necessary for

the government to show that Mr. Cohen actually intended or anticipated an effect on

interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts Mr. Cohen took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this essential element of the offense. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a federal of-ficial authorized to investigate or prosecute violations of this section. The evidence need not show that the property involved was expressly described as being the proceeds of specified unlawful activity at or before each transaction. It is suffcient if the government proves that the officers made enough representations to cause a reasonable person to understand that the property involved in the transaction[s] was the proceeds of knowing conversion of government proceeds, which is the specified unlawful activity named in the indictment.

The term "proceeds" includes any property, or any interest in property, that one would acquire or retain as a result of the commission of the underlying specified unlawful activity. Proceeds can be any kind of property, not just money.

**Conspiracy to Commit Money Laundering**

18 U.S.C. § 1956(h)

(1) If the conspiracy is to commit a money laundering offense as established in 18 U.S.C. § 1956(a)(1)(B)(i), the First Circuit has stated:

40.     To prove conspiracy to commit money laundering, the government was required to show that Mr. Cohen agreed with one or more coconspirators to 1) knowingly conduct a financial transaction 2) involving funds that he knew to be the proceeds of some form of unlawful activity and 3) that were in fact the proceeds of a "specified unlawful activity," and 4) that Mr. Cohen knew the transactions to be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity. United States v. Misla-Aldarondo, 478 F.3d 52, 68 (1st Cir. 2007).  United States v. Gabriele, 63 F. 3d 61, 65 (1st Cir. 1995); "[T]he evidence must show that the defendant possessed the mental state required for the substantive offense." United States v. Cedeño-Pérez, 579 F.3d 54, 58 n.4, (1st Cir. 2009).

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 2015 Revisions, pp. 198-206; see United States v. Wittig, 568 F. Supp. 1284, 1294 (D. Kansas, 2008), aff'd 575 F.3d 1085 (10th Cir. 2009); United States v. Allen, 129 F. 3d 1159, 1163 (10th Cir. 1997); adapted from United States v. Pettigrew, 77 F. 3d 1500, 1513 (5th Cir. 1996); United States v. Carter, 966 F. Supp.336, 341 (E.D. Penn. 1997); United States v. Bornfield, 145 F. 3d 1123, 1132 (10th Cir. 1998)

41.     It is impossible to be guilty of money laundering unless the allegedly laundered property is, in fact, derived from specified unlawful activity. United States v. Gabriele, 63 F. 3d 61, 65 (1st Cir. 1995); United States v. Wittig, 575 F.3d 1085, 1094 (10th Cir. 2009); United States v. Lake, 472 F. 3d 1247, 1260 (10th Cir. 2007)

42.     For Mr. Cohen to be convicted of an agreement to launder money that represents the proceeds of either stolen tax refunds or of refunds based on

fraudulently submitted tax returns, you must find beyond a reasonable doubt that the Government has proved that Mr. Cohen, in entering this agreement, possessed the intent to conceal the illegal source of the tax refund checks and thus must have known of Mr. Grullon's occupation as a person who acquired false or stolen tax refund checks.

Adapted from United States v. Campbell, 777 F. Supp. 1259, 1264-1265 (W.D. N.C. 1991), aff'd in part and rev'd in part, 977 F. 2d 854 (4th Cir. 1992); United States v. Aramony, 88 F. 3d 1369, 1386-1387 (4th Cir.1996)

43.    For Mr. Cohen to be convicted of an agreement to launder money that represents the proceeds of either stolen tax refunds or of refunds based on fraudulently submitted tax returns, you must find that the Government has proven beyond a reasonable doubt that Mr. Cohen intended to conceal the nature, source, ownership, or control of the proceeds.

Cuellar v. United States, 553 U.S. 550, 128 S. Ct. 1994, 2003 - 2006(2008); United States v. Herron, 97 F. 3d 234, 237 (8th Cir. 1996); United States v. Williams, 605 F. 3d 556, 567- 568 (8 th Cir. 2010)