UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) | CRIMINAL NO. 15-CR-10008-LTS |
| R. DAVID COHEN | ) ) ) ) | |

**DEFENDANT'S REQUEST FOR ATTORNEY-CONDUCTED VOIR DIRE**

Defendant R. David Cohen hereby requests that the Court exercise its discretion to allow attorney-conducted *voir dire* of the jury *venire*. R. David Cohen notes among other things, several sensitive factors pertinent to this case:

1. This case involves alleged financial crimes, which, in the wake of the constant publicity about financial crimes since the crash of 2008, the subsequent recession and its aftermath, are politically sensitive.

2. Attorney-conducted voir dire will aid both parties, the Court, and the public at large by helping to select the most fair and impartial jury possible.

3. In civil and criminal trials potential jurors, as well as litigants, have an equal protection right to jury selection procedures that are free from group stereotypes rooted in, and reflective of, historical prejudice. *United States v. Bergodere*, 40 F.3d 512, 515 (1st Cir. 1994), *citing J.E.B. v. Alabama*, 511 U.S. 127 (1994). "Voir dire represents not only the introduction of potential jurors to the factual and legal issues to be aired at trial, *see Powers [v. Ohio]*, 499 U.S. [400] 412 [1990], but also the lawyers' introduction to the venire." *Bergodere*, 40 F.3d at 517.

4. Thus, the "core purpose" of voir dire is "to provide a firm foundation for ferreting out bias." *Bergodere*, 40 F.3d at 517.

5. Several cases in this Circuit have involved attorney-conducted *voir dire*. *See United States v. Lara*, 181 F.3d 183, 192 (1st Cir. 1999) ("The district judge, the prosecutor, and several defense attorneys proceeded to question" the prospective juror); *Bergodere*, 40 F.3d at 514-515 (setting forth colloquy between prosecutor and prospective juror); *United States v. Felton*, 239 F. Supp. 2d 122, 125 (D. Mass. 2003) (court permitted individual voir dire by counsel).

6. Fed. R. Crim. P. 24(a)(1) provides that the Court may permit the attorneys for the parties to examine prospective jurors. The trial court has broad discretion in its conduct of the *voir dire* because "the determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge." *United States v. Medina*, 761 F.2d 12, 20 (1st Cir. 1985), *quoting Ristaino v. Ross*, 424 U.S. 589, 594–95 (1976). The First Circuit does not review "at all the district court's decision as to who conducts the examination of prospective jurors." *Medina*, 761 F.2d at 20.

7. Given the sensitive issues raised in this case, attorney-conducted voir dire is appropriate. Counsel, who typically practices in the state and federal courts of Massachusetts, had never before been involved in attorney-conducted voir dire until January 7, 2013. In the matter of *State of New Hampshire v. George Gridley*, Cheshire Superior Court, Docket No. 2012-CR-110, the trial court allowed for attorney-conducted voir dire, which was conducted after the Court-conducted voir dire. Of note, the attorney-conducted voir dire of the panel of jurors, who had already qualified as impartial

after the court-conducted voir dire, revealed that one of the jurors could not follow the presumption of innocence and would not be able to maintain her own opinion if other jurors felt differently.  The juror was excused for cause following attorney-conducted voir dire.

8. Given the risk that a juror who appears impartial in the wake of the less intensive court-conducted voir dire may remain nevertheless partial, attorney-conducted voir dire is essential to afford the parties and the Court the best chance of obtaining a fair and impartial jury.

9. Therefore, R. David Cohen respectfully requests that the Court allow attorney-conducted voir dire.

Defendant
R. David Cohen
By His Attorney,

*/s/ James B. Krasnoo*
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Krasnoo, Klehm & Falkner, LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955 (telephone)
(978) 474-9005 (facsimile)

Dated:  December  21, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 21, 2015.

*/s/ James B. Krasnoo*
James B. Krasnoo