# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

———————————————————— )
)
UNITED STATES OF AMERICA,            )
)
v.                      )        CRIMINAL NO: 15-10008-LTS
)
R. DAVID COHEN,                 )
)
Defendant.           )
———————————————————— )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States of America hereby requests that this Honorable Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases.  The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and in light of the evidence in the case, as well as in light of the Court's ruling relating to any motions *in limine* filed by the parties.

*Respectfully submitted*,

CARMEN M. ORTIZ
United States Attorney

By:    /s/ Ryan M. DiSantis
RYAN M. DISANTIS
S. THEODORE MERRITT
Assistant U.S. Attorneys
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date:   December 21, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2015, I served a copy of the Government's Proposed Jury Instructions by electronic filing on counsel for the defendant.

<u>/s/ Ryan M. DiSantis</u>
RYAN M. DISANTIS
Assistant U.S. Attorney

# TABLE OF CONTENTS

**Proposed Instruction**                                                                                     **Page**

1     Variance – Dates ...........................................................................................3

2     Punishment Irrelevant to Consideration of Guilt ...................................4

3     Each Count to Be Considered Separately .............................................5

4     Individuals Not on Trial ......................................................................6

5     Uncalled Witnesses ...............................................................................7

6     All Available Evidence Need Not Be Produced ...................................8

7     Interviews of Witnesses ........................................................................9

8     Caution as to Cooperating Witness/Accomplice/Immunized Witness .............................10

9     Evidence of Defendant's Similar Acts................................................11

10    Statements by the Defendant .............................................................12

11    Weighing the Testimony of an Expert Witness ..................................13

12    Summary Evidence .............................................................................14

13    Stipulations ........................................................................................15

14    Presumption of Innocence; Proof Beyond a Reasonable Doubt.........16

15    Defendant's Constitutional Right Not to Testify ...............................18

16    What is Evidence; Inferences.............................................................19

17    Kinds of Evidence; Direct and Circumstantial ..................................20

18    Conspiracy – 18 U.S.C. §371.............................................................21

19    Conversion of Government Property – 18 U.S.C. §641 ......................24

20    Conspiracy to Commit Money Laundering – 18 U.S.C. §1956(h) ..................26

21    Aiding and Abetting – 18 U.S.C. §2...................................................34

22    "Willful Blindness" as a Way of Satisfying "Knowingly" .................................36

23    Co-conspirator Liability for Substantive Offenses Committed By Others .......................38

24    Acts and Statements of Co-Conspirators ..........................................................40

25    Intent and Motive .................................................................................41

26    Mistake of Law Not A Defense ..................................................................42

## PROPOSED JURY INSTRUCTION NO. 1

Variance – Dates

The Superseding Indictment alleges that certain acts occurred "in or about" certain dates. For example, it alleges that certain overt acts that were part of the conspiracy occurred "in or about" certain dates.

It does not matter if the Superseding Indictment charges that a specific act occurred on or about or in or about a certain date and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Superseding Indictment and the dates established by the testimony or exhibits.

*United States v. Morris*, 700 F.2d 427 (1st Cir. 1983); Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, ¶3.01, Instruction 3-12, p. 329 (1995).

## **PROPOSED JURY INSTRUCTION NO. 2**

### Punishment Irrelevant to Consideration of Guilt

The punishment provided by law for the offenses charged in the Superseding Indictment is a matter solely for the judge to decide. The jury should make its decision as to whether the defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, §18.02 (3d ed. Supp. 1982).

## PROPOSED JURY INSTRUCTION NO. 3

### Each Count to Be Considered Separately

The Superseding Indictment contains a total of nineteen counts for your consideration. Each count charges a separate crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for the defendant on each count.

Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, <u>Modern Federal Jury Instructions</u>, P 3.01, Instruction 3-6, p. 3. 12 (1995).

## PROPOSED JURY INSTRUCTION NO. 4

<u>Individuals Not on Trial</u>

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all participants in a crime be charged and prosecuted, or tried together in one proceeding. You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that those individuals are not on trial. Your task is limited to considering the charges contained in the Superseding Indictment and the defendant before you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4; Pattern Criminal Jury Instructions: Sixth Circuit, §3.06 (2005)

## **PROPOSED JURY INSTRUCTION NO. 5**

### Uncalled Witnesses

There are some persons whose names you have heard during the course of the trial but who did not appear here to testify, and as to whom there was no stipulation about what they would testify to if they appeared.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of those persons.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.  *See United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## **PROPOSED JURY INSTRUCTION NO. 6**

<u>All Available Evidence Need Not Be Produced</u>

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

Committee on Model Criminal Jury Instructions Within the Third Circuit, <u>Modern Criminal Jury Instructions</u> §3.05

## PROPOSED JURY INSTRUCTION NO. 7

Interviews of Witnesses

(If Applicable)

There was testimony at trial that the attorneys interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact. On the contrary, the attorneys are obliged to prepare their case as thoroughly as possible and, in the discharge of that responsibility, properly interview witnesses before the trial and as necessary throughout the course of the trial.

Adapted from the jury instruction given in *United States v. Dayana Mendoza, et al*., No. 09-CR-292-JG (E.D.N.Y. 2010).

## PROPOSED JURY INSTRUCTION NO. 8

### Caution as to Cooperating Witness/Accomplice/Immunized Witness

#### (If Applicable)

You have heard the testimony of [Cooperating Witnesses]. He/She: (1) provided evidence under agreements with the government; and/or (2) participated in crimes charged against the defendant. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

Adapted from First Circuit Pattern Jury Instructions 2.07, Committee on Pattern Criminal Jury Instructions (1998).

*See United States v. Wright*, 573 F.2d 681, 685 (1st Cir. 1978). ("[I]t is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested . . . ."). The standard is the same for witnesses granted immunity. *See United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989) (jury should be instructed that such "testimony must be received with caution and weighed with care").

10

## PROPOSED JURY INSTRUCTION NO. 9

### Evidence of Defendant's Similar Acts

(If Applicable)

You have heard evidence that the defendant committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crimes charged in the Superseding Indictment; or

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the Superseding Indictment; or

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime; or

(4) Whether the defendant committed the acts he is on trial for by accident or mistake.

Remember, these are the only purposes for which you may consider evidence of the defendant's similar acts.  Even if you find that the defendant may have committed similar acts, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

Adapted from First Circuit Pattern Jury Instructions 2.05, Committee on Pattern Criminal Jury Instructions (1998).

## PROPOSED JURY INSTRUCTION NO. 10

### Statements by the Defendant

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give them.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.


First Circuit Pattern Jury Instructions 2.10, Committee on Pattern Criminal Jury Instructions (1998).

## **PROPOSED JURY INSTRUCTION NO. 11**

### Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions 2.06, Committee on Pattern Criminal Jury Instructions (1998).

## PROPOSED JURY INSTRUCTION NO. 12

### Summary Evidence

During this trial, you have seen some exhibits, which are in the form of summaries presented by the government.  The law permits summarizing evidence as a convenience to the jury, but summaries do not produce any new evidence.  The summaries simply attempt to summarize what is elsewhere in the evidence when there are a large number of documents in a case.  Such summaries are not independent evidence of the subject matter and are only as valid and reliable as the underlying evidence they summarize.  So it is up to you to decide whether the summaries accurately, completely, and objectively reflect the content of the underlying documents they are purporting to summarize.  If you think they do, then you should use them as you see fit.  If you think they do not accurately, completely, or objectively reflect the underlying documents, you are free to discard them.  It is up to you.  You should make the evaluation based on what you have heard or how they were prepared, who prepared them, what considerations went into the preparation of them, and so on, and they are subject to your criticism and judgment just as any other piece of evidence is.

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charges and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

Adapted from summary evidence jury instructions given at the trials in *United States v. Eric L. Levine, et al.*, No. 08-CR-10121-GAO; *United States v. Ralph Appolon*, No. 08-CR-10121-6-GAO; *United States v. Sirewl R. Cox*, No. 11-CR-10346-DJC; and *United States v. John George, Jr.*, No. 14-CR-10237-DJC.

1A O'Malley, Grenig, & Hon. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.02 (6th ed. 2008) (charts and summaries).

## **PROPOSED JURY INSTRUCTION NO. 13**

Stipulations

(If Applicable)

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions 2.01, Committee on Pattern Criminal Jury Instructions (1998).

## PROPOSED JURY INSTRUCTION NO. 14

### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, R. David Cohen, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that R. David Cohen is guilty of the crimes for which he is charged beyond a reasonable doubt.  It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are

satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should find

him guilty of that crime.


<u>First Circuit Pattern Jury Instructions</u> 3.02, Committee on Pattern Criminal Jury Instructions
(Hornby's Revisions 2015).

**<u>PROPOSED JURY INSTRUCTION NO. 15</u>**

<u>Defendant's Constitutional Right Not to Testify</u>

(If Applicable)

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.


<u>First Circuit Pattern Jury Instructions</u> 3.03, Committee on Pattern Criminal Jury Instructions (Hornby's Revisions 2015).

## PROPOSED JURY INSTRUCTION NO. 16

### What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  As I already explained, a stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from the facts that you find to have been proven such reasonable inferences as you believe are justified in light of common sense and personal experience.


Adapted from First Circuit Pattern Jury Instructions 3.04, Committee on Pattern Criminal Jury Instructions (Hornby's Revisions 2015).

19

**PROPOSED JURY INSTRUCTION NO. 17**

Kinds of Evidence; Direct and Circumstantial

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions 3.05, Committee on Pattern Criminal Jury Instructions (Hornby's Revisions 2015).

## PROPOSED JURY INSTRUCTION NO. 18

### Conspiracy – 18 U.S.C. §371

In Count One of the Superseding Indictment, the defendant is accused of conspiring to commit a federal crime—specifically, the crime set forth in Title 18, United States Code, Section 641.  It is against federal law to conspire with someone to commit this crime.

The Conspiracy statute, 18 U.S.C. §371, provides in relevant part:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [commits an offense].

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the Superseding Indictment—to steal, convert, or embezzle any money or property belonging to the United States that is worth more than $1,000, and/or to receive, conceal, or retain such money or property with intent to convert it to their use or gain, knowing it to have been stolen, embezzled, purloined or converted—and not some other agreement or agreements, existed between at least two people; and

Second, that the particular defendant you are considering willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various

21

people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, although you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before a particular defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his or her own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or participated in each act of the agreement, or played a major role.  But the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, the defendant may be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

Evidence of participation in the conspiracy may include inferences that you may reasonably draw from surrounding circumstances, such as acts committed by the defendant that furthered the conspiracy's purposes.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that any particular defendant personally committed or knew about the overt act.  It is sufficient if any conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or that its ends were achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

Adapted from First Circuit Pattern Jury Instructions, Criminal, §4.03 (Conspiracy).  *See also United States v. Cassiere*, 4 F.3d 1006, 1015 (1st Cir. 1993) ("Evidence of participation in the conspiracy may include 'inferences from surrounding circumstances, such as acts committed by the defendant that furthered the conspiracy's purposes.'") (citation omitted).

**PROPOSED JURY INSTRUCTION NO. 19**

Theft or Conversion of Government Property – 18 U.S.C. §641

Counts Two through Eighteen of the Superseding Indictment charge the defendant with separate instances of theft, conversion, or embezzlement of government property in violation of Title 18, United States Code, Section 641.  It is a Federal crime to steal, convert, or embezzle any money or property belonging to the United States that is worth more than $1,000, or to receive, conceal, or retain the money or property with intent to convert it to one's use or gain, knowing it to have been stolen, embezzled, purloined or converted.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1) the money or property described in the indictment belonged to the United States;

    (2) the Defendant either (a) stole, embezzled, or knowingly converted the money or property to his own use or to someone else's use; or (b) received, concealed, or retained the money or property with intent to convert it to his use or gain, knowing it to have been stolen, embezzled, purloined or converted;

    (3) the Defendant knowingly and willfully intended to deprive the owner of the use or benefit of the money or property; and

    (4) the money or property had a value greater than $1,000.

The word "value" means the greater of (1) the face, par, or market value, or (2) the price, whether wholesale or retail.

"Property" can be tangible or intangible property.  A United States Treasury check is a record, a voucher, a thing of value, and property of the United States and remains such even after it is issued to a payee.  Where a claim for a refund was fraudulent, the refund check issued to satisfy the fraudulent claim was as well.  Such a check does not belong to the payee, but rather is still the property of the United States.

24

It doesn't matter whether the Defendant knew that the Government owned the property. But it must be proved beyond a reasonable doubt that the Government did in fact own the money or property; that the Defendant knowingly stole, converted, or embezzled it; and that the value was greater than $1,000.

To "steal" or "convert" means to wrongfully or intentionally take the money or property belonging to someone else with the intent to deprive the owner of its use or benefit permanently or temporarily.

To "embezzle" means voluntarily and intentionally to take or to convert to one's use the property of another which property came into the defendant's possession lawfully.

Adapted from First Circuit Pattern Jury Instructions, Criminal, §4.18.641 (Hornby Rev. 2014) (definition of "proceeds" and explanation of concealment money laundering); *see also* Model Crim. Jury Instr., §6.18.641 (8th Cir. 2014); Modern Fed. Jury Instr.—Crim., Instr. P 23A.01 (2015); Pattern Crim. Jury Instr., §2.31 (10th Cir. 2011); Model Crim. Jury Instr., §8.39 (9th Cir. 2015).

*See United States v. May*, 625 F.2d 186, 190-92 (8th Cir. 1980) (holding that property can be either a tangible or intangible thing of value).

*See United States v. Forcellati*, 610 F.2d 25, 30-32 (1st Cir. 1979) (a United States Treasury check is a thing of value of the United States and remains such even after it is issued to a payee); *see also United States v. McRee*, 7 F.3d 976, 980 (11th Cir 1993) (the government retains its property interest in the proceeds of erroneously issued United States Treasury checks); *United States v. Miller*, 520 F.2d 1208, 1210 (9th Cir. 1975) (same).

*See United States v. Speir*, 564 F.2d 934, 937-38 (10th Cir. 1977) (holding that there is no requirement under Section 641 that the defendant knew the property at issue belonged to the government).

## PROPOSED JURY INSTRUCTION NO. 20

Conspiracy to Commit Money Laundering – 18 U.S.C. §1956(h)

In Count Nineteen of the Superseding Indictment, the defendant is accused of conspiring to commit another federal crime—specifically, money laundering, in violation of Title 18, United States Code, Section 1956.  It is against federal law to conspire with someone to commit money laundering.

The Money Laundering statute, 18 U.S.C. §1956, provides in relevant part:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—(b) knowing that the transaction is designed in whole or in part— (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, [is guilty of the offense.]

For you to find the defendant guilty of a conspiracy, you must be convinced that the government has proven that the defendant agreed with one or more co-conspirators to:

(1) conduct a financial transaction;

(2) involving funds that the defendant knew to be the proceeds of some form of unlawful activity; and

(3) that were, in fact, the proceeds of a "specified unlawful activity," and

(4) that the defendant knew the transactions to be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity.

A person acts "knowingly" if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her, and did not act because of ignorance, mistake or accident.

26

The defendant need not know exactly what crime generated the funds involved in the transaction, only that the funds are the proceeds of some form of unlawful activity.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" means a (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

Conduct affects interstate or foreign commerce if the conduct in any way or degree was connected or linked with such commerce.  It is not necessary for the government to prove that the defendant actually intended or anticipated an effect on commerce.  It is only necessary that the natural and probable consequences of the defendant's conduct would be to affect commerce in some way.  Only a minimal effect on commerce is necessary.  Evidence showing transactions that involved financial institutions insured by the Federal Deposit Insurance Corporation ("FDIC") is sufficient to establish that that transactions affected interstate commerce as required by Section 1956.

27

The term "financial institution" for purposes of the money laundering statute is defined very broadly to include, among other things, banks, savings institutions, credit unions, issuers of traveler's checks and money orders, money transmitters like Western Union, businesses engaged in boat or vehicle sales, persons involved in real estate closings, casinos, and the United States Postal Service.

The term "proceeds" means anything of value that someone acquires or retains as a result of the commission of the specified unlawful activity, in this case, theft of, conversion of, or receipt with the intent to convert government property.  "Proceeds" includes property purchased with proceeds.

A transaction involves the "proceeds" of specified unlawful activity if any of the property involved in the transactions constitutes proceeds.

There is no minimum dollar value of proceeds that must be involved in order to trigger criminal liability under Section 1956(a)(1), which includes money laundering designed to conceal.

"Specified unlawful activity" means any one of a variety of offenses defined by statute, including violations of 18 U.S.C. §641 (theft or conversion of government property).

Concealment money laundering, as applied to this case, means conducting financial transactions with the proceeds of violations of Section 641 (theft or conversion of government property) in ways designed, at least in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds.  Although the government must show that at least part of the purpose of the transactions was concealment, it is not necessary that the transactions successfully concealed the nature, location, source, ownership, or control of the unlawful proceeds.  Intent to conceal is sufficient.  Indeed, the transaction itself need not be

unusually complex.  A transaction that, by itself, might not suggest an intent to conceal, may be part of a larger scheme to conceal or disguise the unlawful source of the money.

In determining whether the defendant actually knew that transactions at issue were designed in whole or in part to conceal or disguise what were represented as unlawful proceeds, you will have to make a determination about the defendant's state of mind during his or her involvement in the transactions.  However, this cannot be proven directly because you cannot look inside the defendant's mind.  Therefore, you may rely on circumstantial evidence in making your decision.

Circumstantial evidence that defendant knew the purpose of the transactions was to conceal proceeds may include, but is not limited to, any the following:

1) A financial motive for laundering proceeds;

2) Structuring the transaction in a way to avoid attention, such as making a long series of transactions, or convoluted financial dealings;

3) Commingling unlawful proceeds with legitimate funds;

4) Using a third party to conceal the real owner of the proceeds; and

5) Misleading statements by the defendant regarding the proceeds.

Furthermore, you may consider each transaction in light of the facts surrounding it.  For example, it is not necessary that any particular transaction be highly unusual, if there is evidence that the transaction is part of a larger scheme that is designed to conceal illegal proceeds.

The existence of any of these factors is not necessarily enough to prove defendant's knowledge, nor is this list of factors exhaustive. You should consider all the facts and circumstances shown in the evidence in order to infer with a reasonable degree of accuracy what the defendant's state of mind was.

You must also be convinced that the government has proven that the defendant willfully joined in the agreement to commit money laundering.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, although you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before a particular defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his or her own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or participated in each act of the agreement, or played a major role.  But the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, the defendant may be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

Evidence of participation in the conspiracy may include inferences that you may reasonably draw from surrounding circumstances, such as acts committed by the defendant that furthered the conspiracy's purposes.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or that its ends were achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Adapted from First Circuit Pattern Jury Instructions, Criminal, §4.03 (Conspiracy (18 U.S.C. §371)) and First Circuit Pattern Jury Instructions, Criminal, §4.18.1956(a)(1)(B)(i) (Hornby Rev. 2014).  *See also United States v. Misla-Aldarondo*, 478 F.3d 52, 68 (1st Cir. 2007) (setting forth the elements of a Section 1956(h) conspiracy); *United States v. Cassiere*, 4 F.3d 1006, 1015 (1st Cir. 1993) ("Evidence of participation in the conspiracy may include 'inferences from surrounding circumstances, such as acts committed by the defendant that furthered the conspiracy's purposes.'") (citation omitted).

*See United States v. Cedeno-Perez*, 579 F.3d 54, 58 n.4 (1st Cir. 2009) (noting that in a prosecution charging a Section 1956(h) conspiracy, the government must show that the defendant possessed the mental state required for the substantive offense).

*See United States v. Isabel*, 945 F.2d 1193, 1201 n.13 (1st Cir. 1991) (defendant need not know what crime generated the funds involved in the transactions, merely that the funds are proceeds of some unlawful activity); *see also United States v. Corchado-Peralta*, 318 F.3d 255, 256 (1st Cir. 2003).

*See* 18 U.S.C. §1956(c) (definitions concerning Section 1956 offenses).

*See United States v. Kunzman*, 54 F.3d 1522 (10th Cir. 1995) (holding that FDIC-insured status sufficient to establish an effect on interstate commerce as required by Section 1956).

*See* 31 U.S.C. §5312(a)(2) (defining "financial institution" broadly to include, among other things, banks, savings institutions, credit unions, issuers of traveler's checks and money orders, money transmitters, businesses engaged in boat or vehicle sales, persons involved in real estate closings, and the United States Postal Service).

*See* First Circuit Pattern Jury Instructions, Criminal, §4.18.1956(a)(1)(B)(i) (Hornby Rev. 2011) (definition of "proceeds" and explanation of concealment money laundering).

*See United States v. McGauley*, 279 F.3d 62, 71 (1st Cir. 2002) (no minimum dollar threshold required to prove a Section 1956 money laundering charge).

*See United States v. Naranjo*, 634 F.3d 1198, 1210 (11th Cir. 2011) ("It is irrelevant that [Defendant] left enough evidence to allow a novice investigator to trace" the transactions back to him; "the statute requires only that proceeds be concealed, not that they be concealed well"); *United States v. Hall*, 434 F.3d 42, 50 (1st Cir. 2006) (transaction that by itself would not suggest intent to conceal may be part of a larger scheme to conceal or disguise; defendant's movement of money between accounts came at the end of a series of transactions intended to separate his money from its illegal source); *United States v. Shepard*, 396 F.3d 1116, 1120 (10th Cir. 2005) (that defendant's transactions created a paper trail that agents could follow was not a defense to concealment money laundering); *United States v. Kneeland*, 148 F.3d 6, 17 (1st Cir. 1998); *United States v. Campbell*, 977 F.2d 854, 857 (4th Cir. 1992) (actual knowledge requirement); *United States v. Willey*, 57 F.3d 1374, 1384 (5th Cir.), *cert. denied*, 116 S. Ct. 675 (1995) (purpose/design requirement); *United States v. Jackson*, 935 F.2d 832, 841-42 (7th Cir. 1991) (same; no requirement that concealment be successful); *United States v. Turner*, 975 F.2d 490, 497 (8th Cir. 1992), cert. denied, 506 U.S. 1082 (1993)(no requirement that concealment be successful); *United States v. Sutera*, 933 F.2d 641, 648 (8th Cir. 1991) (same); *United States v. Garcia-Emanuel*, 14 F.3d 1469, 1474 (10th Cir. 1994) (purpose/design requirement); *United States v. Sanders*, 928 F.2d 940, 946 (10th Cir.), *cert. denied*, 502 U.S. 845 (1991)(same); *United States v. Kaczowski*, 882 F. Supp. 304, 308 (W.D.N.Y. 1994) (no requirement that concealment be successful); Sand, Modern Federal Jury Instructions, 50A-9 (1992).

*See Isabel*, 945 F.2d at 1202-04 (circumstantial evidence generally; financial motive; reduction of tax liability; unusual transaction method, payroll check exchange scheme); *United States v. Cota*, 953 F.2d 753, 760-61 (2d Cir. 1992) ("strange manner" of transaction; secrecy surrounding transaction); *United States v. Massac*, 867 F.2d 174, 177-78 (3d Cir. 1989)(unusual money transfer method, not utilizing a bank); *United States v. Willey*, 57 F.3d 1374, 1385-86 (5th Cir.), cert. denied, 116 S.Ct. 675 (1995) (using third party; series of unusual financial moves; transaction part of larger scheme); *United States v. Beddow*, 957 F.2d 1330, 1335 (6th Cir. 1992) ("convoluted" financial dealings; using a third party); *United States v. Brown*, 944 F.2d 1377, 1387 (7th Cir. 1991) (elaborate transfer method); *United States v. Jackson*, 935 F.2d 832, 839 (7th Cir. 1991) (commingling); *United States v. Termini*, 992 F.2d 879, 881 (8th Cir. 1993)(commingling); *United States v. Kaufmann*, 985 F.2d 884, 984 (8th Cir. 1993)(anonymity; using a third party); *United States v. Peery*, 977 F.2d 1230, 1234 (8th Cir. 1992), *cert. denied*, 507 U.S. 946 (1993) (large number of transfers); *United States v. Golb*, 69 F.3d 1417, 1423-24 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1369 (1996) ("convoluted payment methods"); *United States v. Garcia-Emanuel*, 14 F.3d 1469, 1475, 1478 (10th Cir. 1994) (substantial evidence requirement; list of types of sufficient evidence; hiding assets from the IRS); *United States v. Lovett*, 964 F.2d 1029, 1036 (10th Cir.), *cert. denied*, 506 U.S. 857 (1992) ("convoluted series of financial transactions"; misleading statements regarding the proceeds' nature or source); *United States v. Edgmon*, 952 F.2d 1206, 1210-11 (10th Cir. 1991), cert. denied, 505 U.S. 1223 (1992) (using a third party).

*See Whitfield v. United States*, 543 U.S. 209, 217, 219 (2005) (a conspiracy charged pursuant to 18 U.S.C. §1956(h) does not require proof of an overt act in furtherance of the alleged conspiracy).

## PROPOSED JURY INSTRUCTION NO. 21

### Aiding and Abetting – 18 U.S.C. §2

Counts Two through Eighteen of the Superseding Indictment charge the defendant with theft of, conversion of, or receipt/concealment/retention with the intent to convert government funds.

There are four ways that the government can prove the defendant guilty of the offense charged in Counts Two through Eighteen.  The first is by convincing you that he personally committed or participated in the particular offense charged.  The second, which I will elaborate on now, is by proving that the defendant aided and abetted the commission of the offense.  The third, which I will discuss shortly, is by proving that the defendant willfully caused, or procured, another person to commit the offense.  The fourth, which involves a co-conspirator's liability for the substantive offense by others, will be discussed later in my instructions.

To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.  The defendant need not perform the underlying criminal act, be present when it is performed or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

The third way the government can prove the defendant guilty of each offense charged in the Superseding Indictment is if it proves beyond a reasonable doubt that the defendant willfully caused an act to be done by another person which if directly performed by the defendant or another person would be the charged offense.  The government can prove the defendant is guilty of a charged offense even though the individual who did in fact commit the substantive act or acts that made up the crime lacked the necessary criminal intent.

An act is done willfully if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with a bad purpose, either to disobey or disregard the law.

Adapted from First Circuit Pattern Jury Instructions 4.02, Committee on Pattern Criminal Jury Instructions (1998).

*See United States v. Dodd*, 43 F.3d 759, 762 (1st Cir. 1995) (holding that "[a] defendant may be convicted under [Section 2(b)] even though the individual who did in fact commit the substantive act lacked the necessary criminal intent."); *see also United States v. Andrade*, 135 F.3d 104, 110 (1st Cir. 1998) (stating that "[a]t common law, one is liable as a principal if one deliberately causes or procur[es] another to perform a criminal act, and the principle has been carried forward by 18 U.S.C. §2(b).  Unlike aiding and abetting liability, there is no requirement that the intermediary be shown to be criminally liable." (internal citations omitted)).

## PROPOSED JURY INSTRUCTION NO. 22

### "Willful Blindness" As A Way Of Satisfying "Knowingly"

When you are considering whether the defendant acted knowingly, you may draw inferences from the evidence. You may infer, for example, that an individual has knowledge of particular facts or events because he or she actually saw or heard them, or was directly told about them. You may also infer that someone has knowledge about matters if you find that the person has acted with what we call "willful blindness."

This means that, in deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to a fact that otherwise would have been obvious to that defendant. In order to infer knowledge, you must find that two things have been established.

First, that a defendant was aware of a high probability of the fact in question.

Second, that a defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether the defendant deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn.

However, it is important to bear in mind that mere negligence or mistake in failing to learn a fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.


Adapted from First Circuit Pattern Jury Instructions 2.14, Committee on Pattern Criminal Jury Instructions (1998). *See United States v. Lizardo*, 445 F.3d 73, 86 (1st Cir. 2006) (approving similar wording regarding "willful blindness" instruction).

Willful blindness serves as an alternate theory on which the government may prove knowledge. *See, e.g., United States v. Griffin*, 524 F.3d 71, 78 (1st Cir. 2008) ("Evidence presented at trial may support either a finding of actual knowledge or a finding of willful blindness.").

In *United States v. Perez-Melendez*, 599 F.3d 31, 39-41 (1st Cir. 2010), the First Circuit recently addressed the interplay between aiding and abetting liability and "willful blindness":

> "A willful blindness instruction is warranted if (1) the defendant claims lack of knowledge; (2) the evidence would support an inference that the defendant consciously engaged in a course of deliberate ignorance; and (3) the proposed instruction, as a whole, could not lead the jury to conclude that an inference of knowledge was mandatory." (quoting United States v. Gabriele, 63 F.3d 61, 66 (1st Cir. 1995)).

> "[P]roof of sufficient participation in the crime, as well as knowledge of it, is required to convict.... [W]here, as here, a defendant actively participates in a venture, but denies any knowledge of the venture's illegal nature, the government must adequately prove knowledge, more so than participation." *United States v. Guerrero*, 114 F.3d 332, 342 (1st Cir.1997).

The government may present evidence that supports both the direct knowledge theory and the willful blindness theory; evidence presented may fall within both categories. *United States v. Azubike*, 564 F.3d 59, 67-68 (1st Cir. 2009). ("'It is permissible for the government to present some evidence supporting both theories and some of the government's evidence might be relevant to both actual knowledge and deliberate ignorance.' [citation omitted]. "'Separate and distinct' evidence of willful blindness exists where, as in this case, the jury could take one view of the evidence and reasonably conclude that the defendant had actual knowledge or, alternatively, reject that view of the evidence but still reasonably conclude instead that the defendant was willfully blind.").

The willful blindness instruction is appropriate to show the defendant knew that property of the United States had been stolen. *See United States v. Stuart*, 22 F.3d 77, 81 (3rd Cir. 1994) ("The government may prove that a person acted knowingly[, that is, that he sold U.S. government bonds knowing they were stolen,] by proving that the person deliberately closed his eyes to what otherwise would have been obvious to him").

## PROPOSED JURY INSTRUCTION NO. 23

Co-conspirator Liability for Substantive Offenses Committed By Others

As I mentioned, there are four ways in which the defendant may be guilty of the offenses alleged in Counts Two through Eighteen.  First, by personally committing the offense charged. Second, as I recently discussed, by aiding and abetting someone else in committing the particular offense charged.  And third, by proving that the defendant willfully caused, or procured, another person to commit the offense.

The fourth way, which I will discuss now, is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

This means that a co-conspirator may be convicted of a crime committed by another co-conspirator even if he or she did not personally participate in that crime themselves.

For you to find the defendant guilty of an offense under this legal rule, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

(a) First, that the defendant was a member of the conspiracy charged in Count One of the Superseding Indictment;

(b) Second, that after he joined the conspiracy, and while he was still a member of it, one or more other members committed the particular offense charged;

(c) Third, that this crime was committed in furtherance of the conspiracy; and

(d) Fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

38

This does not require proof that the defendant specifically agreed or knew that this particular crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  The defendant is not responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

Adapted from Committee on Pattern Criminal Jury Instructions District Judges Association, Sixth Circuit, *Pattern Criminal Jury Instructions:  Sixth Circuit*, §3.10 (2005).  *See United States v. Gobbi*, 471 F.3d 302, 309 (1st Cir. 2006) (noting alternative bases of liability based on direct involvement, aiding and abetting, and *Pinkerton* liability); *see also United States v. Hansen*, 434 F.3d 92, 104 (1st Cir. 2006) (noting emphasis, in properly-given *Pinkerton* instruction, "that jury was obligated to find each element of Pinkerton beyond a reasonable doubt.")

## PROPOSED JURY INSTRUCTION NO. 24

### Acts and Statements of Co-Conspirators

You may recall that I have admitted evidence of the acts and statements of other people—specifically, for example, Francisco Oscar "Frank" Grullon and Dubin Gonzalez Pabon—whom the government asserts were co-conspirators of the defendant.   The reason for allowing this evidence has to do with the nature of the crime of conspiracy.  I told you earlier that a conspiracy is an agreement; in that respect it is like a partnership in crime.  Thus, as in other partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member of the conspiracy becomes an agent for his or her co-conspirators in carrying out the conspiracy.

Therefore, if you find that a defendant was a member of a conspiracy, then any acts done or statements made in furtherance of that conspiracy by any other persons found by you to be members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements made in the defendant's absence and without his knowledge.

Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions* - Criminal, Instr. 19-09, p. 19-54 (2010); *see also Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Sepulveda*, 15 F.3d 1161 (1st Cir. 1993); *United States v. Rivera-Santiago*, 872 F.2d 1073, 1092-93 (1st Cir. 1989), *cert. denied*, 492 U.S. 910 (1989); *United States v. Baines*, 812 F.2d 41, 42 (1st Cir. 1987).

## **PROPOSED JURY INSTRUCTION NO. 25**

### Intent and Motive

Intent and motive should never be confused.  Motive is what prompts a person to act, or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well recognized motives for much of human conduct.  These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime.  So, the motive of the accused is immaterial except insofar as evidence of motive may aid determination of intent.


Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, <u>Federal Jury Practice and Instructions</u>, §17.06 (5th ed. 2000).

**PROPOSED JURY INSTRUCTION NO. 26**

Mistake of Law Not A Defense

The United States is required to prove each of the elements of the offenses, as I have instructed you. However, the United States is not required, in any of those elements, to prove that the defendant was actually familiar with the statutes and laws of the United States. Nor is it a defense to the charges in this case to point to any misunderstanding or mistake about the law.

To put it another way, if someone deliberately goes close to an area of illegal conduct he takes the risk that he may cross the line.


*Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340 (1952) ("Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."); *United States v. Baker*, 807 F.2d 427, 428-30 (5th Cir. 1986) (affirming conviction for trafficking based upon intent to traffic rather than specific knowledge of criminality). *See also Horning v. District of Columbia*, 254 U.S. 135, 137 (1920) (when a person "intend[s] not to break the law but only to get as near to the line as he could . . . if the conduct described crossed the line, the fact that he desired to keep within it will not help him. It means only that he misconceived the law.") .

42