UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-CR-10008-LTS |
| ) | |
| R. David Cohen     ) | |
| ) | |

**MOTION *IN LIMINE* TO PRECLUDE GOVERNMENT EXPERT**

  Now comes the defendant and moves to preclude the Government's expert, Aaron Gogley from testifying to his opinions as to the ultimate issue which the jury must decide, namely whether the defendant is guilty of conspiracy to money launder, and assigns as reasons therefore the following:

  1. The government has provided the defendant with notice that the government will call Aaron Gogley to testify as an expert.

  2. The Government has provided the defendant with several prior transcripts containing the testimony of Aaron Gogley. In each Mr. Gogley is either asked for, or volunteers, his opinion as to whether or not the defendabt is guilty of money laundering, the ultimate issue that the jury must decide as to one of the three charges pending against the defendant.

  3. While Aaron Gogley may testify to the investigation he performed and as to what he uncovered, to the standard ways money laundering is accomplished, the Government has failed to put forth an adequate expert report to set forth in detail the expected testimony in the case at bar.

  3. The prior testimony provided to the defendant merely puts forth the subject matters generally upon which Mr. Gogley will testify but does not purport to recite a summary of his testimony that is particularized to this case.  In short, the defendant is without knowledge as

to what Mr. Gogley will say specifically about those subject matters in his testimonyagainst the defendant or the conspiracy with which the defendant is charged.

    4.    Mr. Gogley's testimony has no bearing on the conspiracy charge , as he can say nothing about any agreement achieved between Mr. Cohen and his alleged coconspirators.

    5..    It does not appear from any of the materials provided by the Government that Mr. Gogley is an expert as to any of the other charges pending against Mr. Cohen, namely conversion of Government funds, aiding and abetting and 18 U.S.C. § 371 conspiracy.

    6.    The government has supplied no sufficient reason to suggest that Mr. Gogley's testimony as to the ultimate opinion he holds as to whether or not Mr. Cohen is guilty of conspiracy to money launder would be of aid to the jury in coming to its decision about the guilt or innocence of Mr. Cohen on that charge.

    7.    Indeed, the allowance of Mr. Gogley's testimony in that regard is objectionable and impermissible as it would tend to permit a witness to cause a jury to adopt his opinion as to guilt of the defendant and usurp the jury's function.

**WHEREFORE**, for the above reasons, the defendant respectfully suggests that this motion to exclude so much of Aaron Gogley's testimony as to the ultimate issue of guilt or innocence of the defendant must be granted.

    Defendant
R. David Cohen,
By His Attorney,

*/s/ James B. Krasnoo*
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Krasnoo│Klehm LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955 (telephone)
Dated:  December 28, 2015    (978) 474-9005 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 28, 2015.

                                      */s/ James B. Krasnoo*
                                      James B. Krasnoo