UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-CR-10008-LTS |
| | ) |
| R. David Cohen | ) |
| | ) |

**MOTION *IN LIMINE* TO PRECLUDE GOVERNMENT WITNESSES, JAYNE TYRELL AND OTHER WITNESSES INSUFFICIENTLY IDENTIFIED, FROM TESTIFYING ABOUT THE USES AND FUNCTIONS OF IOLTA ACCOUNTS AND ABOUT ANY BBO REGULATIONS CONCERNING SAME**

Now comes the defendant and moves to preclude the Government's witness, Jayne Tyrell, and any other Government witness (insufficiently identified) from testifying to the uses and functions of an IOLTA account and any BBO regulations concerning same, and assigns as reasons therefore the following:

1. The government has provided the defendant with notice that the government will call witnesses to testify as to the uniqueness of IOLTA accounts as it alleges that the defendant utilized his IOLTA account to money launder fraudulently issued tax refund checks.

2. The unique qualities of an IOLTA account are not relevant or material to the charges to be tried.

3. The Government will claim, but cannot produce any evidence to show that the defendant knew, that IOLTA accounts are given less scrutiny by banks and that banks expect a high volume of traffic in those accounts.

4. Jayne Tyrell, from the Board of Bar Overseers (BBO), is expected to testify how IOLTA accounts operate and what constitutes misuse of the accounts for BBO purposes.

4. This testimony has no bearing on the charges against the defendant, would suggest to the jury that his improper use of the IOLTA account (which is not a crime under either Massachusetts or Federal law) involves improper ethical behavior, and would be more prejudicial than probative, as the alleged unethically improper use of the account does not tend to prove any of the crimes with which Mr. Cohen stands charged, namely conversion of Government funds, aiding and abetting, 18 U.S.C. § 371 conspiracy and money laundering conspiracy, does not demonstrate that this use is a crime and without showing that the defendant has knowledge that banks look at IOLTA accounts differently from other checking accounts cannot show relevance by the fact that Mr. Cohen used an IOLTA account to cash checks.

6. The government has supplied no, and can supply no, sufficient reason to suggest that information concerning the unique characteristics of IOLTA would be of aid to the jury in coming to its decision about the guilt or innocence of Mr. Cohen on any charge against him. This data does not tend to prove that he converted government funds, that he agreed with other co-comspirators to do so or that an IOLTA account, by the mere fact of its characteristics, either aided and abetted the alleged conversion or constituted money laundering.

7. Counsel avers that the sole reason for the proffering of this evidence is to inflame the jury into thinking that Mr. Cohen is unethical and therefore must be a bad man and a criminal.

**WHEREFORE**, for the above reasons, the defendant respectfully suggests that this motion to exclude the above evidence must be granted.

                                                Defendant
                                                R. David Cohen,

<table>
<tr><td></td><td>By His Attorney,</td></tr>
<tr><td></td><td>/s/ James B. Krasnoo<br>James B. Krasnoo (BBO# 279300)<br>jkrasnoo@krasnooklehm.com<br>Krasnoo│Klehm LLP<br>28 Andover Street, Suite 240<br>Andover, MA  01810<br>(978) 475-9955 (telephone)</td></tr>
<tr><td>Dated:  December 28, 2015</td><td>(978) 474-9005 (facsimile)</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 28, 2015.

/s/ James B. Krasnoo
James B. Krasnoo

3