UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:15-CR-10008-LTS |
| | ) | |
| R. DAVID COHEN | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT'S USE OF POTENTIAL 404(b) EVIDENCE**

The defendant's motion *in limine* [Dkt. #107] to preclude the introduction of evidence related to the May 22, 2013 settlement of a civil lawsuit brought against him by the Massachusetts Attorney General should be denied. Besides distorting what evidence the government actually seeks to introduce, that is, solely the settlement order which precludes him from conducting real estate closings for six months, the defendant avoids confronting the probative nature of that evidence and instead inflates the specter of prejudice from unproven allegations of fraud. His motion should be denied, and the government's motion *in limine* to admit such limited evidence [Dkt. # 100] should be granted.

As stated in the government's previous motion *in limine*, the settlement order goes to explain, in part, why the defendant stopped laundering fraudulently obtained U.S. Treasury checks through his IOLTA accounts and why a co-conspirator, Dubin Gonzalez, was instructed to, and did, open a bank account on or about May 24, 2013 through which an additional $725,000 in Treasury checks were deposited. The content and timing of this agreement are significantly probative evidence in this case, which the government avers, in the first instance, is intrinsic to conspiracy charged. Even if viewed as "other act" evidence, it can hardly be denied that it has the requisite "special relevance" because it provides a motive why the defendant

switched laundering methods when using his lawyer's account became more risky as a result of the settlement.

Stripped of the defendant's puffed-up complaints about the prejudice of introducing the Attorney General's complaint and summary judgment opposition, the real issue is whether there is a sufficient risk of unfair prejudice or confusion of issues to warrant the exclusion of the settlement order itself. The government submits there is not. The First Circuit has regularly held that evidence becomes "unduly prejudicial" for purposes of Rule 403 only when it "invites the jury to render a verdict on an improper emotional basis," United States v. Rodriguez, 525 F.3d 85, 98 (1st Cir. 2008), – i.e., when evidence goes to criminal propensity or is so "explosive" or "shocking or heinous" that it is "likely to inflame the jury."

First, the evidence itself is not particularly inflammatory. Indeed, the evidence can be presented exactly in the form of the agreement: there was no admission or finding of any wrongdoing on the part of the defendant but it did require that he abstain from doing any real estate closings for six months.

Second, the evidence does not raise a realistic risk that jury would misconstrue it as showing propensity. Moreover, the Court can minimize any potential danger of confusion of the issues or misleading the jury by issuing a jury instruction outlining the proper consideration of this relevant evidence. Nor would the admission of the settlement order require any extensive litigation or trial time that would distract the jury or create confusion.

**CONCLUSION**

For the foregoing reasons, the Court should admit the evidence of defendant's settlement with the AGO for the purposes noted above and deny defendant's motion *in limine* to preclude the government's use of potential 404(b) evidence.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney


By: /s/ *S. Theodore Merritt*
      S. Theodore Merritt
      Ryan M. DiSantis
      Assistant U.S. Attorneys

Date: December 29, 2015

## Certificate of Service

I hereby certify that, on the above date, this document was filed through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing.

      */s/ S. Theodore Merritt*
      S. Theodore Merritt
      Assistant U.S. Attorney

Date: December 29, 2015