**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO: 15-10008-LTS |
| | ) | |
| R. DAVID COHEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION _IN LIMINE_ SEEKING TO EXCLUDE TESTIMONY CONCERNING IOLTA ACCOUNT RULES**

The United States hereby opposes defendant R. David Cohen's ("Cohen") motion _in limine_ to preclude testimony concerning the purpose, operation, and regulations relating to IOLTA accounts. Such testimony—which the government intends to elicit primarily from Ms. Jayne Tyrrell, the Director of the Massachusetts IOLTA Committee—will provide the jury with necessary background and context concerning Cohen's activities, is directly relevant to the charges against Cohen, and is admissible at the trial in this case.

The defendant's motion once again misses the mark. Evidence concerning the purpose, operation, and regulations relating to, IOLTA accounts is relevant for several reasons. Throughout the trial, the jurors will hear the term "IOLTA account" because Cohen used his status as an attorney to open and/or use several IOLTA accounts to commit his crimes. In fact, he opened many of his IOLTA accounts for the express purpose of cashing fraudulent United States Treasury checks. As a result, the jury should have the benefit of knowing the nature of these accounts, as well as the rules governing their use, for the purpose of background and context.

The above-referenced information concerning IOLTA accounts is also relevant because, *inter alia*: (1) the nature of these accounts and the manner in which banks treat the activity in them helped keep Cohen's deposit activity off the radar of bank compliance departments; and (2) Cohen's utter disregard of the regulations relating to these accounts is powerful evidence of his intent to commit the charged crimes, as well as of his knowledge and *modus operandi*. As to the first point, the nature of IOLTA accounts helped Cohen conceal his criminal conduct in two ways. First, the use of IOLTA accounts to deposit fraudulent United States Treasury checks provided Cohen with a ready-made basis for a story if confronted about his conduct because such accounts are used to hold client funds. Cohen took advantage of this template to weave a yarn about using purported client funds for real estate investments, which lulled banks into a false sense of security concerning his activity.

Second, as at least one bank witness will testify, IOLTA accounts are treated differently than other types of accounts by bank compliance officers—a fact that allowed Cohen to keep his criminal activity hidden from view. For example, because third-party transactions occur regularly in IOLTA accounts, such activity does not raise red flags in the way that third-party activity does in other types of accounts. Thus, such accounts are not scrutinized more closely by bank compliance officers merely because of such activity—which makes IOLTA accounts a perfect vehicle for sinister transactions like the ones engaged in by Cohen.[1] This fact, coupled with the false stories Cohen told banks when they raised questions about his activity because of events such as IRS reclamations, allowed Cohen to conceal his fraud.

Cohen's disregard of IOLTA regulations to further his criminal activity is also relevant to his intent, knowledge, and the manner in which he carried out his criminal conspiracies. The

---

[1] The jury will also hear testimony from bank officials that United States Treasury check deposit activity in at least one of Cohen's IOLTA accounts initially received more deference because of his status as an attorney.

jury will hear testimony concerning a meeting bank representatives had with Cohen to confirm for them that he was a real attorney and to establish that Cohen understood the rules relating to IOLTA accounts following several reclamations concerning United States Treasury checks deposited into one of Cohen's IOLTA accounts. At this meeting, Cohen affirmed that he was familiar with the rules relating to IOLTA accounts, and offered up his tale that the recipients of the checks were clients who engaged in real estate investments facilitated by Cohen. Following this meeting, Cohen continued to deposit United States Treasury checks into another IOLTA account at a different bank for the purpose of carrying out his crimes. At a minimum, in order to understand the significance of Cohen's affirmation concerning his knowledge of the relevant rules and regulations relating to IOLTA accounts—as well as the reason why the bank representatives posed this question to Cohen—the jury must know the relevant rules and regulations.

In addition, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion, or undue delay. As set forth above, the probative value of testimony concerning the purpose, operation, and regulations relating to IOLTA accounts is substantial. Moreover, there is nothing unfair in informing the jury about a type of account that is referenced in the Superseding Indictment, that will be mentioned often at trial, and that constitutes an important part of the *modus operandi* Cohen used to carry out his crimes. There is also no threat that introducing this evidence will confuse the issues in this case, mislead the jury, or waste time. To the contrary, this testimony will put Cohen's actions in context and help educate the jury so it can properly assess the charges in the Superseding Indictment. Nor will this evidence involve a time consuming presentation; rather, Ms. Tyrrell's testimony, and any other offered by the government, will be relatively brief.

WHEREFORE, the United States requests that this Court deny the defendant's motion *in limine* to preclude a government witness concerning IOLTA accounts.

*Respectfully submitted,*

CARMEN M. ORTIZ
United States Attorney

By: /s/ Ryan M. DiSantis
RYAN M. DISANTIS
S. THEODORE MERRITT
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Date:   December 31, 2015

## CERTIFICATE OF SERVICE

I, Ryan M. DiSantis, hereby certify that on December 31, 2015, I served a copy of the foregoing on counsel of record in this case by electronic filing.

/s/ Ryan M. DiSantis
RYAN M. DISANTIS
Assistant U.S. Attorney