**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CRIMINAL NO: 15-10008-LTS |
| R. DAVID COHEN, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE**
**EVIDENCE AND ARGUMENT REGARDING FORFEITURE**

The United States of America hereby moves *in limine* to exclude evidence of, and argument regarding, forfeiture allegations against the defendant, R. David Cohen ("Cohen") during the guilt phase of the trial in this matter. The government further requests that the Forfeiture Allegations be redacted from any copy of the Superseding Indictment provided to the jury.

It is well established that a jury should not consider punishment as it contemplates the guilt or innocence of a criminal defendant. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (stating that "when a jury has no sentencing function it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975))). Accordingly, courts routinely exclude evidence and argument regarding possible punishments from the guilt phase of a trial. *See, e.g., United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) (holding that the district court did not err in denying defendant's request to inform jury of harsh sentence he would face upon conviction); *United States v. Brown*, 2011 WL 43038, *14 (N.D. Ill. Jan. 6, 2011) (granting government's motion *in limine* to bar defendants from introducing evidence, making argument or otherwise mentioning potential penalties faced by defendants on conviction (citing *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) and *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir.

1997))); *United States v. Japalucci*, 2008 WL 1781138, *2 (W.D. Pa. Apr. 17, 2008) (granting government's motion *in limine* to preclude defense from referring to potential penalties (citing *Shannon*, 512 U.S. 573)).

Because a jury cannot consider potential punishments when rendering its verdict as to guilt, it follows that the guilt and forfeiture phases are bifurcated. Even before Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure specifically required the bifurcation of the guilt and forfeiture phases of a criminal trial, courts advised that the bifurcation of the issues protects the rights of defendants and "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence." *United States v. Cauble*, 706 F.2d 1322, 1348 (5th Cir. 1983) (challenge to jury instructions could have been avoided had trial been bifurcated; instructions on forfeiture normally come at the end and are perhaps excessively brief); *see also United States v. Sandini*, 816 F.2d 869, 874 (3d Cir. 1987) (requiring bifurcation of guilt and forfeiture phases of trial, in part, to protect defendant's right to remain silent); *United States v. Feldman*, 853 F.2d 648 (9th Cir. 1988) (requiring bifurcation of guilt and forfeiture phases of trial to preserve the rights of defendants).[1]

While the jury in this case may be retained to determine forfeiture, it should not hear any evidence or argument regarding potential forfeitures until after it returns its verdict as to the defendant's guilt.

---

[1] A defendant cannot "opt out" of this procedure. *See United States v. Dolney*, 2005 WL 1076269, *10 (E.D.N.Y. May 3, 2005) (rejecting defendant's request to inject forfeiture issues into guilt phase; Rule 32.2 provides for jury determination of forfeiture only if jury returns a guilty verdict; combining the two decisions is unnecessary and potentially harmful).

WHEREFORE, the government requests that the Court preclude the defendant from offering any evidence or argument regarding forfeiture, and that the Forfeiture Allegations be redacted from any copy of the Superseding Indictment provided to the jury.

*Respectfully submitted,*

CARMEN M. ORTIZ
United States Attorney

By: /s/ Ryan M. DiSantis
RYAN M. DISANTIS
S. THEODORE MERRITT
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Date:   January 8, 2016

## CERTIFICATE OF SERVICE

I, Ryan M. DiSantis, hereby certify that on January 8, 2016, I served a copy of the foregoing on counsel of record in this case by electronic filing.

/s/ Ryan M. DiSantis
RYAN M. DISANTIS
Assistant U.S. Attorney