UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                 )
UNITED STATES OF AMERICA,     )
                                               )
       v.                               )      CRIMINAL NO: 15-10008-LTS
                                               )
R. DAVID COHEN,                 )
                                             )
                 Defendant.     )
_____)

**GOVERNMENT'S MOTION FOR BIFURCATION
OF THE GUILT AND FORFEITURE PHASES OF THIS TRIAL**

The United States of America hereby moves pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure to bifurcate the guilt and forfeiture phases of the trial in this case. The government further requests that the Forfeiture Allegations be redacted from any copy of the Superseding Indictment provided to the jury.

Rule 32.2(b)(5)(A) states as follows:

> "**(A) Retaining the Jury.** In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict."

Fed. R. Crim. P. 32.2(b)(5)(A). The rule makes clear that this Court must determine prior to the beginning of the jury's deliberations, whether, if the jury returns a guilty verdict, the forfeiture decision will be made by the jury. *See id*. It also requires the bifurcation of the guilt and forfeiture phases of a criminal trial. *See id*.

It is well established that a jury should not consider punishment as it contemplates the guilt or innocence of a criminal defendant. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (stating that "when a jury has no sentencing function it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *Rogers v. United States*, 422 U.S.

35, 40 (1975))). Because a jury cannot consider potential punishments when rendering its verdict as to guilt, it follows that the guilt and forfeiture phases are bifurcated. Even before Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure specifically required the bifurcation of the guilt and forfeiture phases of a criminal trial, courts advised that the bifurcation of these issues protects the rights of defendants and "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence." *United States v. Cauble*, 706 F.2d 1322, 1348 (5th Cir. 1983) (challenge to jury instructions could have been avoided had trial been bifurcated; instructions on forfeiture normally come at the end and are perhaps excessively brief); *see also United States v. Sandini*, 816 F.2d 869, 874 (3d Cir. 1987) (requiring bifurcation of guilt and forfeiture phases of trial, in part, to protect defendant's right to remain silent); *United States v. Feldman*, 853 F.2d 648 (9th Cir. 1988) (requiring bifurcation of guilt and forfeiture phases of trial to preserve the rights of defendants).[1]

While the jury in this case may be retained to determine forfeiture if requested by the parties, the proceedings must be bifurcated so that the jury does not hear any evidence or argument regarding potential forfeitures until after it returns its verdict as to the defendant's guilt.

---

[1] A defendant cannot "opt out" of this procedure. *See United States v. Dolney*, 2005 WL 1076269, *10 (E.D.N.Y. May 3, 2005) (rejecting defendant's request to inject forfeiture issues into guilt phase; Rule 32.2 provides for jury determination of forfeiture only if jury returns a guilty verdict; combining the two decisions is unnecessary and potentially harmful).

WHEREFORE, the government requests that this Court bifurcate the guilt and forfeiture phases of this trial, and that the Forfeiture Allegations be redacted from any copy of the Superseding Indictment provided to the jury.

*Respectfully submitted,*

CARMEN M. ORTIZ
United States Attorney

By: /s/ Ryan M. DiSantis
　　RYAN M. DISANTIS
　　S. THEODORE MERRITT
　　Assistant U.S. Attorneys
　　John Joseph Moakley U.S. Courthouse
　　1 Courthouse Way, Suite 9200
　　Boston, MA 02210

Date:   January 10, 2016

## CERTIFICATE OF SERVICE

I, Ryan M. DiSantis, hereby certify that on January 10, 2016, I served a copy of the foregoing on counsel of record in this case by electronic filing.

/s/ Ryan M. DiSantis
RYAN M. DISANTIS
Assistant U.S. Attorney