
DEFENDANT'S
EXHIBIT
Original

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 15-10008-LTS |
| ) | |
| R. DAVID COHEN, ) | |

## JURY CHARGE

January 21, 2016

Members of the Jury:

Now that you have heard all of the evidence and argument in this case, it is time for me to give you my final instructions on the law, which you must apply when considering the evidence and reaching your verdict. You will notice that I'm going to be reading verbatim much of what I say to you now. I do that because this is no time for creativity or spontaneity on my part. This case -- indeed, every criminal case -- is governed by very well-established legal principles. This is not my law that I give to you now. This is the law handed down to us by our Supreme Court, federal appellate courts, and the Congress of the United States. It is very important that I give you the law fully and accurately. So please bear with me if I appear to be reading at times and not speaking to you in a conversational way.

My instructions will be in three parts: first, general rules and legal principles that control your duties as jurors and your consideration of the evidence you have heard; second, specific definitions and legal principles related to the elements of the offense charged in this case; and third, guidelines for how you are to conduct your deliberations and return a verdict. Although I will give you a copy of these instructions to take into the jury room when you deliberate, please still listen carefully now.

**<u>Duty of the Jury to Find Facts and Follow Law</u>**

It is your duty to find the facts from all the evidence admitted in this case. You, and you alone, are the judges of the facts. My opinion about the evidence in this case, if I even have one, is totally irrelevant. You should not interpret anything I have said or done during the trial as indicating what I think about a witness or a piece of evidence or what I believe the verdict should be. It is your job, not mine, to determine what the facts are in this case.

To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. Just as no one may question the facts as you find them, you may not question the law as I give it to you. You must decide the case solely on the evidence before you, and according to the law as I give it to you. The oath you took at the beginning of the case was a promise to do just that.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions any suggestions by me as to what verdict you should return; that is a matter entirely for you to decide.

**Presumption of Innocence and Proof Beyond a Reasonable Doubt**

Every person accused of a crime is presumed to be innocent unless and until his or her

guilt is established beyond a reasonable doubt.  Put another way, Mr. Cohen is innocent in the

eyes of the law unless and until you, the jury, decide by a unanimous vote that the government

has proved his guilt beyond a reasonable doubt.  This presumption is not a mere formality.  It is a

cardinal principle in our justice system and a matter of the most important substance.

The presumption of innocence means that the burden of proof is always on the

government to prove that Mr. Cohen is guilty of the crime with which he is charged beyond a

reasonable doubt.  This is a heavy burden, and one which never shifts to Mr. Cohen.  It is always

the government's burden to prove each of the elements of the crime charged beyond a reasonable

doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The law

does not require Mr. Cohen to prove his innocence, or to produce any evidence at all.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to

require the acquittal of a defendant.  Mr. Cohen has the benefit of that presumption, and you are

not to convict him of the crime charged unless you are persuaded of his guilt of that charge

beyond a reasonable doubt.

The term "reasonable doubt" is often used, and probably pretty well understood, but it is

not easily defined.  Reasonable doubt exists when, after weighing and considering all of the

evidence in the case using your reason and common sense, you cannot say that you have a firm

and settled conviction that a charge is true.

A reasonable doubt may arise not only from the evidence produced, but also from a lack

of evidence.  Mr. Cohen has the right to rely upon the failure or inability of the government to

establish beyond a reasonable doubt any essential element of the crime charged against him.  It is

3

not necessary for you to conclude that Mr. Cohen is factually innocent in order to return a "not guilty" verdict. Such a verdict means only that the prosecution has not met its burden of proving Mr. Cohen guilty beyond a reasonable doubt.

You may not convict Mr. Cohen based on speculation or conjecture. You may, however, draw reasonable inferences from the evidence. I will explain more about what types of inferences you may and may not draw shortly. The government has not met its burden, and you may not convict Mr. Cohen, if you decide that it is equally likely that he is guilty or not guilty. It is not sufficient for the government to establish a probability, even if it is a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require the government to offer proof that overcomes every possible doubt. It requires that the evidence exclude any reasonable doubt concerning Mr. Cohen's guilt.

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

Again, Mr. Cohen is presumed to be innocent, and the government bears the burden of proving his guilt beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Cohen's guilt of the crime charged, you should vote to convict him. On the other hand, if, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Cohen's guilt of the crime charged, it is your duty to acquit him.

**What Is Evidence; Stipulations; Inferences**

The evidence in this case consists of: sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and the facts to which the lawyers have agreed or stipulated. You should consider all of the evidence, no matter what form it takes and no matter which party introduced it.

The exhibits that have been admitted in evidence for your consideration will be given to you when you retire for your deliberations. The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

A stipulation means simply that the government and Mr. Cohen accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact, but you may give it whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You also are permitted to draw any reasonable inferences you believe are justified in light of common sense and personal experience. An inference is a deduction or conclusion that may be drawn from the facts that have been established. Any inference you draw must be reasonable and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness that the witness saw or did something.  Circumstantial evidence is indirect evidence -- that is, proof of a fact or facts from which you could draw a reasonable inference that another fact exists, even though it has not been proven directly.

You all have experience in your everyday life drawing inferences based upon circumstantial evidence.  For instance, imagine it was sunny when you arrived here this morning, but just now someone walked into the courtroom wearing a wet raincoat and carrying a dripping umbrella.  Without any words being spoken, and without looking outside for yourself, you might draw the reasonable inference that it is now raining outside.  In other words, the facts of the wet raincoat and the dripping umbrella would be circumstantial evidence that it is raining.

You are entitled to consider both direct and circumstantial evidence.  Neither type of evidence is considered superior or inferior to the other.  The law permits you to give equal weight to both; it is for you to decide how much weight to give to any piece of evidence.

**What Is Not Evidence**

Certain things are not evidence. I listed them for you in my preliminary instructions at the start of the trial, and I'll remind you of them now:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times during the trial was intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)   Questions to the witnesses -- whether by the lawyers or by me -- are not, standing alone, evidence. Again, the lawyers are not witnesses, and neither am I. The question and the witness's answer, taken together, are the evidence.

(3)   Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the fact that an objection was made or by my ruling on it. If I sustained an objection, you must ignore the question or exhibit and should not speculate or guess what the answer might have been or what the exhibit might have contained.

(4)   Anything you may have seen or heard when court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)   Notes, if you have kept them, are not evidence. They are a personal memory aid to be used to refresh your recollection of the evidence during the deliberations. Do not assume simply because something appears in someone's notes -- even your own -- that it is necessarily what happened or was said in court.

(6)     The indictment is not evidence. I caution you, as I have before, that the fact that Mr.

Cohen has had an indictment filed against him is not evidence of his guilt.  The

indictment is simply an accusation, and the means by which the charge was brought

before this court.  It proves nothing.

(7)     Anything that I have excluded from evidence or ordered stricken and instructed you to

disregard is not evidence, and you must not consider it.

**<u>Limiting Instructions as to Particular Kinds of Evidence</u>**

At times, a particular item of evidence was received for a limited purpose only.  You may use such evidence only for one specific purpose, and not for any other purpose.  I have told you when that occurred and instructed you on the purposes for which the item can and cannot be used.  You must adhere to those instructions when you consider those items during your deliberations.

## **Improper Considerations**

You must decide this case solely upon the evidence.  You must not be influenced by any personal likes, dislikes, prejudices, or sympathies you may have about Mr. Cohen or any of the witnesses, the government, or about the nature of the crimes with which Mr. Cohen is charged.

You may not consider or be influenced by any possible punishment or other consequences that may be imposed on Mr. Cohen as a result of a conviction.  The duty of imposing sentence rests exclusively with me.  The question of possible punishment is of no concern to you and should not influence your deliberations in any way.

As I have explained, your function is to weigh the evidence in the case, and to determine whether the government has proved Mr. Cohen's guilt beyond a reasonable doubt relying only upon the evidence, and according to the law.

**Credibility**

Most evidence received in this case was offered through witness testimony.  As the jury, you are the sole judges of the credibility of the witnesses.  You do not have to accept the testimony of any witness if you find the witness not credible.  In deciding what the facts are, you must determine what testimony you believe and what testimony you do not believe.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience. You may choose to believe everything a witness said, only part of it, or none of it.

In deciding whether to believe a witness's testimony, you may consider a number of factors, such as:

- the witness's conduct and demeanor while testifying;

- the witness's apparent fairness, or any bias he or she may have displayed;

- any interest you discern that the witness may have in the outcome of the case;

- any prejudice the witness may have shown;

- the witness's opportunity to see, hear, or know the things about which he or she testified;

- the reasonableness of the events that the witness related to you, in light of the other evidence which you believe;

- the quality of the witness's memory; and

- any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict the witness's version of the events.

## Prior Inconsistent Statements

You have heard at various times that certain witnesses who testified in this trial made previous statements about the same subject matter as their trial testimony. You may consider those earlier statements to help you decide how much of the witnesses' testimony to believe. If you find that a witness's prior statement was not consistent with that witness's testimony at this trial, then you should decide whether that affects the believability of that person's testimony. Sometimes, of course, people make innocent mistakes; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

## Expert Testimony

You have heard testimony from a person described as an expert on various issues in this case. A witness who has special knowledge, experience, or training on a particular topic may testify and state an opinion concerning such matters.

Just like any other evidence, you may accept or reject such testimony in whole or in part. In weighing any expert's testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert's qualifications (such as his education, experience, and training), the soundness of the reasons given for his opinion, the expert's knowledge of the facts from this case relevant to his opinion, and all other evidence in the case. You should not, however, accept a witness's testimony merely because he is an expert, nor should you substitute it for your own reason, judgment, and common sense. Remember that you alone determine the facts in this case. You alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**<u>Law Enforcement Witnesses</u>**

You have heard the testimony of several law enforcement witnesses, including Special Agents of the Internal Revenue Service.  You may accept or reject that testimony just like any other testimony or evidence in this case.  The fact that a witness may be employed as a government agent or law enforcement officer does not mean that his testimony is deserving of more or less consideration or greater or less weight than that of any other witness.  Again, it is for you to decide whether to accept the testimony of any witness, and what weight, if any, to give that testimony.

This concludes the first part of my instructions.  Now, I will explain to you the law governing the specific crimes charged in the Indictment.

**Multiple Counts**

Mr. Cohen is charged in an indictment that contains sixteen separate counts that charge three different crimes.  Each count will be set forth separately on the verdict form you will be asked to return.  You must consider each count separately, and you must return a separate verdict as to each count.  You may find Mr. Cohen guilty of every charge, you may find him not guilty of every charge, or you may find him guilty of some charges and not guilty of others.  Your verdict as to each count must be unanimous, and must be determined solely on the evidence, or lack of evidence, presented against Mr. Cohen on that count.

The Indictment also alleges that Mr. Cohen committed the crimes charged on or about certain specific dates.  These dates are repeated for you in my instructions and on the special verdict form.  It does not matter if the indictment charges that a specific act occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the date alleged in the Indictment and the date established by testimony or exhibits.

## Count I Conspiracy, 18 U.S.C. § 371(1)

Section 371 of Title 18 of the United States Code makes conspiracy to commit a federal crime a federal crime. Count one of the indictment accuses Mr. Cohen of conspiring, from October, 2011 to May, 2013, to commit a federal crime -- specifically, the crime of theft, conversion, or embezzlement of government property. The Indictment accuses Mr. Cohen of conspiring with Francisco Oscar "Frank" Grullon and others to commit this offense.

Question 1 of the Verdict Form asks you to decide whether the government proved Mr. Cohen committed the conspiracy charged in violation of 18 U.S.C. § 371 by rendering a verdict of Guilty or Not Guilty.

For you to find Mr. Cohen guilty of conspiracy, you must be convinced that the government has proven each of the following three things beyond a reasonable doubt:

First, that the agreement specified in the indictment -- to steal, convert, or embezzle any money or property belonging to the United States that is worth more than $1,000, and/or to receive, conceal, or retain such money or property with intent to convert it to their use or gain, knowing it to have been stolen, embezzled, purloined or converted -- and not some other agreement or agreements, existed between at least two people; and

Second, that Mr. Cohen willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken, among two or more conspirators, to accomplish a criminal or unlawful purpose. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared

a general understanding about the crime, including the object of the conspiracy. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act willfully means to act voluntarily and intelligently, and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Cohen can be said to have willfully joined the conspiracy: an intent to agree; and an intent, whether reasonable or not, that the underlying crime -- in this case conversion of government property -- be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Mr. Cohen willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Cohen agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Cohen was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

A person acts "knowingly" if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her, and

did not act because of ignorance, mistake or accident. Knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.

In determining what Mr. Cohen knew or intended at a particular time, you may consider any statements made or acts done or omitted by Mr. Cohen and all other facts and circumstances received in evidence that may aid in your determination of Mr. Cohen's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

Willful blindness is also a way of satisfying the knowingly requirement. In deciding whether Mr. Cohen acted knowingly, you may infer that Mr. Cohen had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that Mr. Cohen entertained not merely a suspicion, but that Mr. Cohen was aware of a high probability of the fact in question. Second, that Mr. Cohen consciously and deliberately avoided learning of that fact. That is to say, Mr. Cohen willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence, recklessness or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact. Willful blindness is not a question of 20:20 hindsight; rather you make your determination based upon what you determine Mr. Cohen knew and did at the relevant time.

The definitions of willfully and knowingly that I have just given you apply not only to Count I, but to the other Counts in the Indictment.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Cohen personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

**Counts 2-13, 15, 16 Theft of Government Money or Property, 18 U.S.C. Section 641**

Section 641 of Title 18 makes stealing or converting government money worth more than $1,000 a federal crime. Counts Two through Thirteen, Fifteen, and Sixteen of the Indictment each charge Mr. Cohen with theft of government money or property worth more than $1,000 by each charging the theft of a separate United States Treasury tax refund check. You must make a separate decision on each count. There is no count 14, 17 or 18. You should not be concerned with the absence of these counts from the Verdict Form, and their absence shall not form any part of your deliberations.

Question Two of the Verdict Form asks whether Mr. Cohen converted government property, to wit United States Treasury Check Number 3158 35328915 deposited on 8/29/2012 payable to Marianlleli Valderrama, in violation of 18 U.S.C. § 641. There are corresponding questions for Counts Three through Thirteen, Fifteen and Sixteen.

For you to find Mr. Cohen guilty of this offense, you must be convinced that the government has proven each of these three things beyond a reasonable doubt:

First, that the money or property described in the indictment belonged to the United States, and that the property had an economic value at the time charged of greater than $1,000;

Second, that the defendant knowingly and willfully stole or converted the money or property to the defendant's own use or the use of another person; and

Third, that the defendant did so with the intent to deprive the United States of the use or benefit of the money or property.

To "steal" or "convert" means to take money or property belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently.

It is not necessary for the United States to prove that the defendant knew that the government owned the money or property at the time of the wrongful taking, but the United States must prove beyond a reasonable doubt that the defendant knowingly and willfully stole or converted the property to his own use or that of another person. The terms knowingly and willfully have the meanings I explained to you earlier.

If the defendant acted on the basis of a good faith, but mistaken, belief that he was acting consistent with the requirements of the law, then he did not have the specific intent required by the law.

You have heard testimony about the proper and ordinary use of Attorney IOLTA accounts. You may consider this evidence in determining whether the United States has proved the charges against Mr. Cohen. However, he is not charged with a violation of IOLTA rules or regulations in this case.

You have also heard testimony about Internal Revenue Service policies and procedures for the review of tax returns and the issuance of tax refunds. While you may consider this evidence to the extent you find it helpful in rendering your verdict, the lack of diligence or the negligence of the IRS, if any, does not absolve a defendant for whom you have found the government has satisfied its burden of proof as to any particular charge.

The word "value" means the greater of (1) the face, par, or market value, or (2) the price, whether wholesale or retail.

**Aiding and Abetting**

I have just explained to you what the government must prove to prove Mr. Cohen personally committed or participated in Counts Two through Thirteen, Fifteen, and Sixteen. There are three other ways the government can prove Mr. Cohen guilty of these Counts.

The second way is for the government to prove, beyond a reasonable doubt, that Mr. Cohen aided and abetted the commission of the offense.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the crime of theft or conversion of government property with a value greater than $1,000; and

Second, that Mr. Cohen consciously shared the other person's knowledge of theft or conversion of government property, intended to help the other person(s), and took part in the endeavor seeking to make it succeed.

The words knowingly and willfully have the meaning I previously defined for you.

To be found guilty as an aider and abetter, Mr. Cohen need not commit the theft or conversion of government funds, be present when it is performed, or be aware of the details of its execution. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the theft or conversion of, government funds, and knowledge of that theft or conversion government funds is being committed are also not sufficient to establish aiding and abetting. But you may consider these among other factors.

22

## Causing Another to Commit a Crime

The third way for the government to prove Mr. Cohen guilty of Counts Two through Thirteen, Fifteen and Sixteen is to prove beyond a reasonable doubt that the defendant willfully caused an act to be done by another person which, if directly performed by the defendant, would be the charged offense. The government can prove the defendant is guilty of a charged offense even though the individual who did in fact commit the substantive act or acts that made up the crime lacked the necessary criminal intent.

**Co-conspirator Liability for Substantive Offenses Committed by Others**

The fourth way for the government to prove Mr. Cohen guilty of Counts Two through Thirteen, Fifteen, and Sixteen is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

This means that a co-conspirator may be convicted of a crime committed by another co-conspirator even if he or she did not personally participate in that crime themselves.

For you to find the defendant guilty of an offense under this legal rule, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

First, that the defendant was a member of the conspiracy charged in Count One of the Indictment;

Second, that after he joined the conspiracy, and while he was still a member of it, one or more other members committed the particular offense charged;

Third, that this crime was committed in furtherance of the conspiracy; and

Fourth, that this crime was within the reasonably foreseeable scope of the conspiracy. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

This does not require proof that the defendant specifically agreed or knew that this particular crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. The defendant is not responsible for the acts of others that go beyond the fair scope of the agreement as the

defendant understood it.

## Count 19 Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h)

Section 1956(h) of Title 18 of the United States Code makes conspiracy to commit money laundering a federal offense.  That statute, provides in relevant part:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—(b) knowing that the transaction is designed in whole or in part— (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, [is guilty of the offense.]

Count Nineteen of the Indictment charges Mr. Cohen, from October 2011 to May 2013, of conspiring with Grullon and others to conduct and attempt to conduct financial transactions affecting interstate or foreign commerce knowing that the property involved in such transactions represented the proceeds of specified unlawful activity, specifically the theft and knowing conversion of United States Treasury checks, knowing that the transactions were designed in whole or in part to conceal and to disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity.

For you to find Mr. Cohen guilty of a money laundering conspiracy, you must be convinced that the government has proven beyond a reasonable doubt:

(1) Mr. Cohen willfully formed or willfully joined a conspiracy with one or more co-conspirators to:

(a) conduct a financial transaction;

(b) involving funds that the defendant knew to be the proceeds of some form of unlawful activity; and

(c) that were, in fact, the proceeds of a "specified unlawful activity," and

(d) that the defendant knew the transactions to be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity.

The conspiracy charged in the Indictment is a concealment money laundering conspiracy which means an agreement to conduct financial transactions with the proceeds of violations of Title 18 Section 641 (theft or conversion of government property) in ways designed, at least in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds. Although the government must show that at least part of the purpose of the transactions was concealment, it is not necessary that the transactions successfully concealed the nature, location, source, ownership, or control of the unlawful proceeds. Proof beyond a reasonable doubt that Mr. Cohen intended to conceal the nature, location, source, ownership, or control of the unlawful proceeds is sufficient. Indeed, the transaction itself need not be unusually complex. A transaction that, by itself, might not suggest an intent to conceal, may be part of a larger scheme to conceal or disguise the unlawful source of the money.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

The government must prove two types of intent beyond a reasonable doubt before Mr. Cohen can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances. I previously defined willfulness and you are to apply that same definition here.

Proof that Mr. Cohen willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Cohen agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Cohen was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" means: (A) a transaction which in any way or degree affects interstate or foreign commerce -- (i) involving the movement of funds by

wire or other means; or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft – or; (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

Conduct affects interstate or foreign commerce if the conduct in any way or degree was connected or linked with such commerce. It is not necessary for the government to prove that the defendant actually intended or anticipated an effect on commerce. It is only necessary that the natural and probable consequences of the defendant's conduct would be to affect commerce in some way. Only a minimal effect on commerce is necessary. Evidence showing transactions that involved financial institutions insured by the Federal Deposit Insurance Corporation ("FDIC") is sufficient to establish that that transactions affected interstate commerce as required by Section 1956.

The term "financial institution" for purposes of the money laundering statute is defined very broadly to include, among other things, banks, savings institutions, credit unions, issuers of traveler's checks and money orders, money transmitters like Western Union, businesses engaged in boat or vehicle sales, persons involved in real estate closings, casinos, and the United States Postal Service.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

A transaction involves the "proceeds" of specified unlawful activity if any of the property involved in the transactions constitutes proceeds.

There is no minimum dollar value of proceeds that must be involved in order to trigger criminal liability.

"Specified unlawful activity" means any one of a variety of offenses defined by statute,  including violations of 18 U.S.C. §641, i.e. theft or conversion of government property.  In this case, the United States must prove the specified unlawful activity was a theft or conversion of government property.

Unlike the conspiracy charged in Count One, the United States does not have to prove the commission of an overt act in order to prove Count Nineteen.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

**Acts and Statements of Co-Conspirators**

You may recall that I have admitted evidence of the acts and statements of other people -- specifically Francisco Oscar "Frank" Grullon -- whom the government asserts were co-conspirators of the defendant. The reason for allowing this evidence has to do with the nature of the crime of conspiracy. I told you earlier that a conspiracy is an agreement; in that respect it is like a partnership in crime. Thus, as in other partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member of the conspiracy becomes an agent for his or her co-conspirators in carrying out the conspiracy.

Therefore, if you find that a defendant was a member of a conspiracy, then any acts done or statements made in furtherance of that conspiracy by any other persons found by you to be members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements made in the defendant's absence and without his knowledge.

This concludes my instructions on the law to apply in your deliberations. Now I come to the last part of the instructions, the rules for your deliberations.

## Foreperson's Role and Unanimity

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement, if you can do so. The first thing you must do is select a foreperson – this will be the first decision you make together, as a jury. The foreperson will have the same voice and the same vote as the other deliberating jurors. The foreperson will act as the moderator of the discussion and will serve as the jury's spokesperson. The foreperson's most important obligation is to insure that any juror who wishes to be heard on any material issue has a full and fair opportunity to be heard by his or her fellow jurors. Your foreperson will preside over your deliberations and will speak for you here in court. Your foreperson's vote or opinion as to what the verdict should be is not entitled to any greater weight than that of any other member of the jury.

Your verdict must be unanimous; all of you must agree on the verdict.

## Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all of the evidence, discussing it fully with your fellow jurors, and listening to the views of the other jurors. Do not be afraid to change your opinion if you think you are wrong, but do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. There is no reason for you to think that another jury would be better qualified than you to decide this case. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if a greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time, and to change them if you are persuaded that doing so is appropriate.

It is important that you attempt to return a verdict, but only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer outside your door.  The note must be signed by your foreperson or by one or more members of the jury.  None of you should ever attempt to communicate with me on anything concerning the case except by a signed writing.  I will communicate with any member of the jury on matters concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties before answering it, and I will do so as promptly as possible.  You may continue with your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Verdict Form**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**Final Points**

Members of the jury, it is now time for the case to be submitted to you. The exhibits that were admitted in evidence will be sent back with you to consider in your deliberations. As I said, I also will submit to you a written copy of this charge. I want to caution you, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole. Also, the copy of the charge is for all of you to share; each of you are equally entitled to read and consider the written charge as you see fit.

When you have commenced your deliberations, all of you must be together at all times when you are deliberating. Whenever you need a recess for any purpose, your foreperson may declare one. Do not discuss the case during a recess in your deliberations. All discussion of the case should occur only when you are all together and your foreperson has indicated that deliberations may proceed. This ensures that everyone in the jury has an equal opportunity to participate and to hear all of what other members of the jury have to say.

Thank you for your attention. Two matters remain before you may now go to the jury room and commence your deliberations. First, I have an unpleasant duty. Mr. Pyzalsk in seat seven of the first row and Ms. Azuma in seat fourteen in the second row, you are both alternate jurors. This means that you cannot participate in the deliberations with the other jurors. So while the other twelve jurors return to the jury room to commence their deliberations, I will not be sending you with them. You may return to the jury room to collect your things and then I will ask you to return to the courtroom for me to speak with you briefly. Now, I need to speak briefly with the lawyers at sidebar.