```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) CR. NO. 15-10008-LTS |
|  | ) |
| R. DAVID COHEN | ) |

## MOTION FOR EVIDENTIARY HEARING AND NOTICE OF INTENTION TO SEEK DOWNWARD DEPARTURE AND/OR VARIANCE

Now comes the defendant in the above-entitled matter and moves for an evidentiary hearing on matters which will affect his sentencing presently scheduled for May 24, 2016 and assigns as reasons therefor the following:

1. The Presentence Report assumes in ¶¶10 and 12 that there are unnamed coconspirators with whom the defendant conspired. The Government thereby seeks to widen the conspiracy to hold Mr. Cohen for a wider range of activity that should not be attributed to him and for a wider total loss for which he should not be held responsible. The defendant seeks an evidentiary hearing on this matter, as he specifically denies same in his objections to these specific, and other various, paragraphs throughout the Presentence Report, which Objections he filed by an emailed letter to

      the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

2. The Presentence Report assumes in ¶¶ 14, 24, 25, 26, 27, 32, 62, 68 and 141 that the conspiracy in which the defendant conspired was one that continued long past the period of his involvement and presumably assumes additional coconspirators with whom Mr. Cohen denies conspiracy. As to these paragraphs, the PSR assumes, without any factual basis therefor, that Mr. Cohen monitored, directed, controlled, assisted and benefitted from Dubin Gonzalez-Pabon's illicit activities. The Government thereby seeks to widen the conspiracy to hold Mr. Cohen for a wider range of activity that should not be attributed to him and for a wider total loss, namely either $725,114.08, (amount attributed to Dubin Gonzalez-Pabon's illicit activities in ¶¶ 25 and 32) or $1,672,958.74, (total amount in ¶¶ 32 and 62) for which he should not be held responsible. The Government never proved these activities of Dubin Gonzalez-Pabon at trial, where its burden of proof would have been beyond a reasonable doubt but now seeks to treat these unsupportable

    allegations as proven and to attribute the financial wrongdoings of Dubin Gonzalez-Pabon at various banks to the defendant and, further, to assign a 2 level enhancement to Mr. Cohen, by claiming that he organized the scheme for which allegation it claims substantiation by inclusion of the illicit activities of Dubin Gonzalez-Pabon. The defendant seeks an evidentiary hearing on this matter, as he specifically denies both the total loss attributed to him in the PSR of $1,672,958.74 for either sentencing purposes or restitution purposes and the above financial wrongdoings and alleged organizational skills attributed to him in his objections to these specific paragraphs in the Presentence Report, which Objections he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

3. The Presentence Report sets forth the Government's position at ¶ 23 that the defendant's abstention from real estate closings had an impact on his activity with regard to money laundering. The defendant seeks an evidentiary hearing on this matter, as he

    specifically denies same in his objections to this specific paragraph in the Presentence Report, which Objection he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

4. The Presentence Report adopts the Government's conclusions at ¶¶ 33 and 34 that the defendant's testimony summarized at ¶¶ 35 through 50 was false. The defendant seeks an evidentiary hearing on this matter, as he specifically denies same in his objections to these specific paragraphs in the Presentence Report, which Objections he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

5. The PSR seeks to hold Mr. Cohen, in ¶¶ 51 and 63, responsible for 10 or more victims and, to do so, improperly characterizes the persons listed in the fraudulent tax returns as **his** victims. The defendant seeks an evidentiary hearing on this matter, as he specifically denies same in his objections to these specific paragraphs in the Presentence Report, which Objections he filed by an emailed letter to the Probation Officer and to

      the Assistant United States Attorney on May 3, 2016.

6. In ¶ 64, the PSR improperly seeks to award a 2 level enhancement because of an unauthorized access device. The defendant seeks an evidentiary hearing on this matter, as he specifically denies same in his objections to this specific paragraph in the Presentence Report, which Objection he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

7. In ¶ 69, the PSR improperly seeks to award a 2 level increase because of Mr. Cohen's being an attorney who used his IOLTA accounts. The defendant seeks an evidentiary hearing on this matter, as he specifically denies that he abused a position of public trust or that he used a special skill in his objections to this specific paragraph in the Presentence Report, which Objection he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

8. In ¶ 141, the PSR improperly assumes the IRS to be an appropriate victim for restitution

purposes. The defendant seeks an evidentiary hearing on this matter, as he specifically denies same in his several objections to this specific paragraph in the Presentence Report, which Objection he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016. The defendant further denies that he should be held for any restitution purposes under the MVRA and seeks an evidentiary hearing on this matter, as he specifically denies same in his objections to this specific paragraph in the Presentence Report, which Objection he filed by an emailed letter to the Probation Officer and to the Assistant United States Attorney on May 3, 2016.

9. The defendant contests the above determinations and conclusions of the Probation Officer throughout her Presentence Report which increases the Guidelines computations on his role in the offense and as to loss caused by the defendant and as to amount to be restored through restitution and as to appropriate "victims" and so states in his objections to various paragraphs of the Presentence Report. It is the defendant's

      request that an evidentiary hearing be held if the Probation Officer continues to assert these positions.

10. The defendant hereby gives notice that he seeks minor participation status for his role in the offense under USSG § 3B1.2 for the reasons set forth at pages 19 through 22 of his objections to PSR.

11. The defendant hereby gives notice that he asserts that he be entitled to a *Grandmaison* downward departure for the reasons set forth at pages 22 through 25 of his objections to PSR.

**WHEREFORE,** for the above reasons, the defendant seeks that his motion for evidentiary hearing on the above issues be granted and the defendant gives notice of his intention to seek the above downward departures/variances at sentencing.

>The Defendant
>By his attorney,
>
>*/s/ James B. Krasnoo*
>James B. Krasnoo
>(BBO# 279300)
>Krasnoo, Klehm & Falkner LLP
>28 Andover Street, Suite 240
>Andover, MA  01810
>(978) 475-9955

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 7, 2016.

>*/s/ James B. Krasnoo*