UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 15-10008-LTS |
| ) | |
| R. DAVID COHEN, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SOROKIN, D.J.**

WHEREAS, on May 5, 2015, a federal grand jury sitting in the District of Massachusetts

returned a nineteen-count Superseding Indictment charging defendant R. David Cohen (the

"Defendant"), jointly and severally, with Conspiracy, in violation of 18 U.S.C. § 371 (Count One),

Conversion of Government Property, in violation of 18 U.S.C. § 641 (Counts Two through

Eighteen), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h)

(Count Nineteen);

WHEREAS, the Superseding Indictment contained a forfeiture allegation, pursuant to 18

U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States

sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts

One through Eighteen of the Superseding Indictment, of any property, real or personal, which

constitutes or is derived from proceeds traceable to the commission of the offenses, and the

property to be forfeited includes, but is not limited to, the following:

> (a)  the real property located at 821 Emmett Street, Kissimmee, Florida,
> including all buildings, appurtenances, and improvements thereon, more
> particularly described in a deed recorded at Book 4335, Page 1441 at the
> Osceola County Recording Department in Florida

(collectively, the "Real Property");

1

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Nineteen of the Superseding Indictment, of any property, real or personal, involved in such offense, or any property traceable to such property, and the property to be forfeited includes, but is not limited to, the following:

   (a)  the Real Property;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 25, 2016, after a nine-day jury trial, a jury found the Defendant guilty on Counts One through Thirteen, Fifteen, Sixteen, and Nineteen of the Superseding Indictment;

WHEREAS, the evidence at trial included testimony from various victims whose identity was stolen and whose IRS tax refund checks were issued without their consent, and evidence and testimony was provided by IRS employees regarding the fraudulently obtained tax refund checks;

WHEREAS, these tax refund checks were deposited into the Defendant's IOLTA accounts at Brookline Bank and Century Bank, among others, and exhibits were also presented which

showed that the Defendant used the proceeds of fraudulently obtained tax refund checks to

purchase the Real Property;

WHEREAS, the exhibits included the following:

(a)   a Brookline Bank monthly statement of the Defendant's IOLTA account
      reflecting a $30,000 wire transfer from the Defendant's Brookline Bank
      IOLTA to Integrity Title in Kissimmee, Florida on October 12, 2012
      reflecting T Ramirez and 821 Emmett Street;

(b)   a letter from the Defendant to Brookline Bank stating the $30,000 wire was
      used as part of a loan receivable;

(c)   a Century Bank Signature card for the Defendant's IOLTA reflecting Tania
      Ramirez being added as a signor to the account on April 27,2012;

(d)   a Century Bank monthly statement for the Defendant's IOLTA showing a
      wire transfer to Integrity Title in the amount of $85,330.87 on October 12,
      2012 and referencing Tania Ramirez 821 Emmett St; and

(e)   a Corporate Warranty Deed reflecting the sale of 821 Emmett St to Tania
      Ramirez as trustee for the 821 Emmett Realty Trust on October 15, 2012;

WHEREAS, based on the evidence and testimony presented at trial and the Defendant's

conviction, the United States has established the requisite nexus between the Real Property and the

offenses to which the Defendant was convicted, and accordingly, the Real Property is subject to

forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C.

§ 2461(c); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and

Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a

Preliminary Order of Forfeiture against the Real Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Court finds, based upon the Defendant's conviction, that the United States has

established the requisite nexus between the Real Property and the offenses to which the Defendant has been found guilty.

2.      Accordingly, all of the Defendant's interests in the Real Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

3.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Real Property and maintain it in its secure custody and control.

4.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Real Property.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Real Property to be forfeited.

6.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Real Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Real Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and

shall set forth the nature and extent of the petitioner's right, title, or interest in the Real Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Real Property, any additional facts supporting the petitioner's claim, and the relief sought.

7.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Real Property.

8.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

LEO T. SOROKIN
United States District Judge

Dated: May 25, 2016

5