UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>R. DAVID COHEN, )<br>Defendant. ) | Criminal No. 15-10008-LTS |

## UNITED STATES' MOTION FOR AMENDED ORDER OF FORFEITURE (MONEY JUDGMENT)

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court to amend its Order of Forfeiture (Money Judgment) (Docket No. 195) in the above-captioned case, pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Amended Order of Forfeiture (Money Judgment) is submitted herewith. In support thereof, the United States sets forth the following:

1. On May 5, 2015, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Superseding Indictment charging defendant R. David Cohen (the "Defendant"), jointly and severally, with Conspiracy, in violation of 18 U.S.C. § 371 (Count One), Conversion of Government Property, in violation of 18 U.S.C. § 641 (Counts Two through Eighteen), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Nineteen).

2. The Superseding Indictment contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts One through Eighteen of the Superseding Indictment, of any property, real or personal, which

constitutes or is derived from proceeds traceable to the commission of the offenses. The property to be forfeited included, but was not limited to, the following:

    (a)    the real property located at 821 Emmett Street, Kissimmee, Florida, including all buildings, appurtenances, and improvements thereon, more particularly described in a deed recorded at Book 4335, Page 1441 at the Osceola County Recording Department in Florida

(collectively, the "Real Property").

3. The Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Nineteen of the Superseding Indictment, of any property, real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited included, but was not limited to, the following:

    (a)    the Real Property.

4. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p).

5. On January 25, 2016, after a nine-day jury trial, a jury found the Defendant guilty on Counts One through Thirteen, Fifteen, Sixteen, and Nineteen of the Superseding Indictment. *See* Docket No. 157.

6. The evidence at trial included testimony from various victims whose identity was stolen and whose IRS tax refund checks were issued without their consent, and evidence and testimony established that the Defendant gained at least $1,672,958.74 in United States currency as a result of his offenses.[1]

7. Based on the evidence and testimony presented at trial and the Defendant's conviction, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,672,958.74 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c). This amount represents the proceeds of the Defendant's crimes.

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

9. Once the Amended Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

---

[1] The amount of $1,672,958.74 accurately reflects the total amount of proceeds the Defendant gained as a result of his offenses. On May 24, 2016, the United States filed a Motion for Order of Forfeiture (Money Judgment) with a Proposed Order of Forfeiture (Money Judgment), which included an inaccurate money judgment amount, and this Court subsequently issued an Order of Forfeiture (Money Judgment) on May 25, 2016.

10.     Upon entry of the Amended Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.   Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also, United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).   In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.   Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)     enter the Amended Order of Forfeiture (Money Judgment) in the amount of $1,672,958.74 in United States currency against the Defendant, in the form submitted herewith; and

(b)     that the Amended Order of Forfeiture (Money Judgment) be incorporated in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Doreen M. Rachal*
S. THEODORE MERRITT
DOREEN M. RACHAL, BBO No. 667837
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: May 27, 2016  doreen.rachal@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Amended Order of Forfeiture (Money Judgment), as well as the proposed Amended Order of Forfeiture (Money Judgment), were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Doreen M. Rachal*
DOREEN M. RACHAL
Dated: May 27, 2016  Assistant United States Attorney