UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10008-LTS |
| | ) | |
| R. DAVID COHEN, | ) | |
| Defendant. | ) | |

## AMENDED ORDER OF FORFEITURE (MONEY JUDGMENT)

**SOROKIN, D.J.**

WHEREAS, on May 5, 2015, a federal grand jury sitting in the District of Massachusetts

returned a nineteen-count Superseding Indictment charging defendant R. David Cohen (the

"Defendant"), jointly and severally, with Conspiracy, in violation of 18 U.S.C. § 371 (Count One),

Conversion of Government Property, in violation of 18 U.S.C. § 641 (Counts Two through

Eighteen), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h)

(Count Nineteen);

WHEREAS, the Superseding Indictment contained a forfeiture allegation, pursuant to 18

U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States

sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts

One through Eighteen of the Superseding Indictment, of any property, real or personal, which

constitutes or is derived from proceeds traceable to the commission of the offenses, and the

property to be forfeited included, but was not limited to, the following:

    (a)    the real property located at 821 Emmett Street, Kissimmee, Florida,
including all buildings, appurtenances, and improvements thereon, more
particularly described in a deed recorded at Book 4335, Page 1441 at the
Osceola County Recording Department in Florida

(collectively, the "Real Property");

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Nineteen of the Superseding Indictment, of any property, real or personal, involved in such offense, or any property traceable to such property, and the property to be forfeited included, but was not limited to, the following:

        (a)     the Real Property;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 25, 2016, after a nine-day jury trial, a jury found the Defendant guilty on Counts One through Thirteen, Fifteen, Sixteen, and Nineteen of the Superseding Indictment;

WHEREAS, the evidence at trial included testimony from various victims whose identity was stolen and whose IRS tax refund checks were issued without their consent, and evidence and testimony established that the Defendant gained at least $1,672,958.74 in United States currency as a result of his offenses;

WHEREAS, based on the evidence and testimony presented at trial and the Defendant's conviction, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,672,958.74 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c);

WHEREAS, the amount of S1,672,958.74 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 371, § 641, and 1956(h);

WHEREAS, this Court issued an Order of Forfeiture (Money Judgment) on May 25, 2016, which contained an inaccurate Money Judgment amount, and the United States now seeks an Amended Order of Forfeiture; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $1,672,958.74 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. 982(b)(1), any discovery to identify, locate or dispose of forfeitable

3

property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be incorporated in the criminal judgment entered by this Court against the Defendant.

_____
LEO T. SOROKIN
United States District Judge

Dated:    6 | 1 | 2016