UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10008-LTS |
| ) | |
| R. DAVID COHEN, ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

**SOROKIN, D.J.**

WHEREAS, on May 5, 2015, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Superseding Indictment charging defendant R. David Cohen (the "Defendant"), and another with Conspiracy, in violation of 18 U.S.C. § 371 (Count One), Conversion of Government Property, in violation of 18 U.S.C. § 641 (Counts Two through Eighteen), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Nineteen);

WHEREAS, the Superseding Indictment contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts One through Eighteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

(a) the real property located at 821 Emmett Street, Kissimmee, Florida, including all buildings, appurtenances, and improvements thereon, more particularly described in a deed recorded at Book 4335, Page 1441 at the Osceola County Recording Department in Florida (the "Real Property").

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Nineteen of the Superseding Indictment, of any property, real or personal, involved in such offense, or any property traceable to such property, and the property to be forfeited included, but was not limited to, the following:

    (a)    the Real Property;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on January 25, 2016, after a nine-day jury trial, a jury found the Defendant guilty on Counts One through Thirteen, Fifteen, Sixteen, and Nineteen of the Superseding Indictment;

WHEREAS, on May 25, 2016, this Court issued a Preliminary Order of Forfeiture against the Real Property, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, on May 25, 2016, a sentencing hearing was held whereby this Court sentenced the Defendant to 54 months incarceration, to be followed by a term of 36 months supervised release, and ordered the Defendant to pay a special assessment of $1,600;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Real Property, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, this Court also imposed a Money Judgment against the Defendant, in the amount of $1,672,958.74 in United States currency;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on June 16, 2016, and ending on July 15, 2016; and

WHEREAS, no claims of interest in the Real Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Real Property, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

4. All other parties having any right, title or interest in the Real Property are hereby held in default.

3

5.  The United States is hereby authorized to dispose of the Real Property in accordance with applicable law.

                                                                         _____
                                                                         LEO T. SORKIN
                                                                         United States District Judge

Dated:  9/9/2016